IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MARCELLETTI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No:<br><br><br>**CLASS-ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, John Marcelletti ("Plaintiff"), on behalf of himself and all other similarly situated, files this Class Action Complaint against defendant GEICO General Insurance Company ("GEICO" or "Defendant"), and in support thereof states the following upon his own knowledge, or where he lacks personal knowledge, upon information and belief including the investigation of his counsel:

**NATURE OF THE ACTION**

1.      This is a class action lawsuit by Plaintiff who was a named insured under a GEICO automobile policy issued for private passenger auto physical damage, which applied to Plaintiff and all members of the Class, as defined herein (the "Policy").

2.      The GEICO Policy requires payment on first-party total loss physical damage claims of "Actual Cash Value" or "ACV".

3.      Upon information and belief, GEICO systematically underpaid not just Plaintiff but thousands of other putative Class members under the Policy. Specifically, Defendant owes its insureds for ACV losses for total loss vehicles insured with comprehensive and collision coverage.

1

4. Actual Cash Value is defined by the GEICO Policy as "the replacement cost of the auto or property less depreciation or betterment." (Exhibit A, Policy at pp. 9,11).[1]

5. The payment of sales tax is required in New York in connection with the purchase of any vehicle, and therefore is part of the replacement cost of any vehicle. Sales tax is owed on the total-loss vehicle value. GEICO, however, does not pay sales tax on many first-party total loss claims in New York.

6. Plaintiff and the other Class members suffered total losses of their vehicles, and Defendant purported to pay them Actual Cash Value in settlement of their claims.

7. Defendant, however, failed to pay the applicable sales tax to Plaintiff and the other Class members, and thereby breached its contracts with Plaintiff and other Class members.

8. This lawsuit is brought by Plaintiff on behalf of himself and all other similarly situated insureds under Defendant's automobile policies issued in the State of New York that have suffered damages due to Defendant's practice of refusing to pay full mandatory sales tax to first-party total-loss insureds on physical-damage policies containing comprehensive and collision coverages. Such payments are required by applicable New York law and Defendant's standardized insurance policies issued to Plaintiff and members of the Class, defined herein.

9. The failure to pay full sales tax for first-party total losses owed to the insureds pursuant to the policy language is a breach of the policy and violates New York law.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (a) the Plaintiff is a member of the putative Class defined herein, which consists of at least 100 members, and he and the Defendant are citizens of different states; (b) the amount-in-

---

[1] Exhibit A is believed to be the form of policy used by GEICO at the time of Plaintiff's total loss in 2019. Exhibit B is a form of policy GEICO had approved by the New York Department of Insurance in April of 2020 for use in New York that contains materially identical provisions to at pages 10 and 12.

controversy exceeds $5 million dollars exclusive of interest and costs; and (c) none of the §1332 exceptions apply to this claim.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and the Defendant is subject to personal jurisdiction in this district.

## THE PARTIES

12.     At all times material hereto, Plaintiff John Marcelletti is and has been a citizen of the State of New York residing in Monroe County, New York.

13.     Defendant, GEICO General Insurance Company is a foreign corporation insurance company that is licensed to conduct and is conducting business in New York which has its principal place of business and headquarters located at 5260 Western Avenue, Chevy Chase, Maryland 20815. Since 1982, Geico has been a wholly-owned subsidiary of Government Employees Insurance Company, which in turn is a wholly-owned subsidiary of GEICO Corporation.  Geico writes private passenger automobile insurance, offering coverage to insureds in all 50 states, including the state of New York.

## FACTUAL ALLEGATIONS

14.     Defendant utilizes its standard form Policy within the State of New York. The standardized Policy language related to comprehensive and collision coverage for ACV of total loss vehicles is present in every auto policy issued by GEICO in New York. The Policy language is standardized in all relevant and material ways.

15.     Under the Policy, GEICO is authorized to elect to pay ACV in the event of a total loss. This election allows Defendant to avoid paying for loss when the cost to repair or replace exceeds the value of the vehicle.

16.     The GEICO Policy defines "owned auto" as including any vehicle described in the GEICO Policy for which a specific premium charge indicates there is coverage.

17. "Actual cash value" is defined in the GEICO Policy, with respect to "Collision" and "Comprehensive" coverages, as "the replacement cost of the auto or property less depreciation or betterment." (Exhibit A, p. 9).

18. The GEICO Policy does not further define Actual Cash Value as: (a) excluding the cost of taxes from Actual Cash Value; (b) deferring payment of the cost of taxes for any purpose whatsoever; (c) requiring an insured to obtain a replacement vehicle; (d) requiring the insured to first obtain a replacement vehicle as a condition precedent to receiving the cost of taxes; or (e) linking the amount of taxes to a particular replacement vehicle.

19. At all times material hereto, Plaintiff insured a 2017 JEEP Patriot High Altitude 4WD, VIN # 1C4NJRFB2HD178481 ("Insured Vehicle"). Plaintiff leased the Insured Vehicle.

20. At all times material hereto, Plaintiff insured the Insured Vehicle under an insurance policy issued by Defendant.

21. On or about September 27, 2019, Plaintiff was involved in an accident while operating the Insured Vehicle. As a result of the accident, Plaintiff filed a claim for property damage with Defendant, claim number 021563798 0101 027, and the Insured Vehicle was determined to be a total loss.

22. GEICO's uniform procedure is to use a third-party vendor to determine the base and adjusted vehicle value of total loss vehicles by using the price to purchase comparable vehicles at the time of the loss.

23. Plaintiff's total loss vehicle is identified in the policy declarations and it was legally titled and registered in compliance with New York laws at the time of loss.

24. Following the filing of the claim, Defendant determined and provided Plaintiff with a document entitled "Total Loss Settlement Explanation" stating that the Insured Vehicle was a total loss with a base value of $18,043.00, that $17,115.00 was the "Total Settlement" owed to Plaintiff for his claim, and that "$0.00" were owed to him on his claim for sales tax. (Exhibit B).

4

Defendant paid Plaintiff's leasing company $17,115.00 as the ACV payment on his claim.

25. Defendant's payment of $17,115.00 did not include sales tax mandated by New York laws.

26. Plaintiff replaced his total loss vehicle and incurred sales tax in doing so.

27. Sales tax is necessary and a mandatory vehicle replacement cost that must be paid to replace any vehicle in the State of New York.

28. Mandatory sales tax to lease a vehicle is due at the inception of the lease on the total amount of the lease payments for the entire term of the lease. N.Y. Tax Law § 1111(i).

29. The sales tax in Monroe New York Zip Code of 14624 for a replacement vehicle is 8.00% (State tax rate of 4.00% and a local county tax rate of 4.00%).

30. New York insurance regulations require that an insurer with policy provisions requiring the payment of Actual Cash Value pay all amounts for which the claimant can reasonably be expected to pay to replace the total loss vehicle with an item substantially identical to the damaged vehicle, including sales tax. N.Y. Comp. Codes R. & Regs, tit. 11 § 216.6(b)(2) (1982) ("Regulation 64"). A violation of Regulation 64 is also a violation of N.Y. Ins. §2601 (the Unfair Claim Settlement Practices Statute).

31. By defining ACV as "the replacement cost of the auto or property," and by purporting to pay ACV as part of its Policy, GEICO promised to pay sales tax as part of its Collision and Comprehensive coverages.

32. However, GEICO, by its conduct alleged herein, breached its Policy with Plaintiff and other Class members by failing to pay the full applicable sales tax upon the total loss of the insured vehicle.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action seeking certification of the Class, defined below, pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3) and/or (c)(4), as may be deemed appropriate by

the Court.

34. Plaintiff brings this action, individually and on behalf of all other persons or entities similarly situated (herein throughout, the "Class"), more specifically defined as follows:

> All insureds, under any automobile insurance policy issued in the State of New York by GEICO GENERAL INSURANCE COMPANY, with the same or materially the same operative policy language covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the six-year time period prior to the date on which this lawsuit was filed until the date of any certification order, and were not paid the full applicable ACV sales tax as part of their total-loss insurance claim.

35. Excluded from the Class is the Defendant, its officers, employees, agents and affiliates, their subsidiaries, legal representatives, heirs, successors and assigns, and any of Plaintiff's counsel, their officers, employees, agents, legal representatives, heirs, successors, and assigns.

36. Although the precise number of members of the Class is unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is one of the largest motor vehicle insurers in the State of New York and writes millions of dollars of private-passenger physical-damage coverage premiums, the persons affected by Defendant's unlawful practice consists of thousands of individuals, or the persons affected for the Class are otherwise so numerous that joinder of all Class members is impractical. Thus, numerosity of the Class is established.

37. Fed. R. Civ. P. 23(a)(3)'s typicality requirement for Plaintiff and the Class is satisfied for reasons articulated herein.

38. Plaintiff's claims are typical to those of all members of the Class because members of the Class are similarly affected by Defendant's uniform failure to pay the full ACV upon the total loss of insured vehicles. The material and relevant policy terms for each member of the Class are substantially identical to the terms of Plaintiff's policies, as are the written claim settlement communications, such as the settlement statements, sent by Defendant to Plaintiff and Class

members. Further, Plaintiff's and members of the Class's legal claims arise from the same core practices, namely, the failure to make full ACV payments, including sales tax, for first-party total loss claims. Plaintiff's claims are based upon the same legal theories as those of the members of the Class. Plaintiff suffered the same harm as all the other members of the Class he seeks to represent. Moreover, the applicable law is New York and it is uniformly applicable to Plaintiff and members of the Class.

39. Plaintiff's interests are coincident with and not antagonistic to those of other members of the Class, nor is the Plaintiff subject to any unique defenses.

40. Plaintiff and his counsel will fairly and adequately protect and represent the interests of each member of the Class.

41. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in prosecuting and defending class actions. Plaintiff's counsel have successfully litigated other class action cases similar to that here, where insurers breached contracts with insureds by failing to include sales tax after total losses.

42. Plaintiff's claims raise questions of law and fact common to all members of the Class, within the meaning of Federal Rule of Civil Procedure 23(a)(2), and they predominate over any questions affecting only individual Class Members within the meaning of Rule 23(b)(3). The central issues in this litigation turn on interpretation of materially identical policy provisions; thus, this case is well-suited for class-wide adjudication. Defendant and all Class members are bound by the same materially identical policy terms and Defendant sent them materially the same written settlement communications. Said predominant common questions include, but are not limited to, the following: (a) whether, under the Defendant's standardized policy language, Plaintiff and Class members, whose total vehicle loss claims were approved by Defendant, are owed an amount including approximately 8% of the vehicle value in sales tax upon the total loss of an insured vehicle; (b) whether Defendant is required under New York law to pay mandatory taxes to insureds

who suffer total-losses to vehicles insured under Defendant's Policies; (c) whether Defendant breached its insurance contracts with the Plaintiff and the Class members by failing to pay such replacement costs upon the total loss of an insured vehicle; and (d) whether Defendant's total vehicle loss claim settlement payment did not include ACV sales tax for the loss of said vehicle.

43. Pursuant to Rule 23(b)(3), a class action is superior to the other available methods for a fair and efficient adjudication of the controversy because, among other reasons, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, because the damages suffered by individual Class members of the Class is relatively small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for Class members to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

44. The issues related to Plaintiff's claims do not vary from the issues relating to the claims of the other members of the Class such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

45. Certification of the above Class is also supported by the following considerations:

   a. The relatively small amount of damages that members of the Class have suffered on an individual basis would not justify the prosecution of separate lawsuits; and

   b. No difficulties would be encountered in the management of Plaintiff's claim on a class action basis, because the Class is readily definable and the prosecution of this class action would reduce the possibility of repetitious litigation.

46. Defendant's breach of Policy provisions requiring it to pay full ACV on total loss claims is a continuing breach and violation of Policy terms. Moreover, Defendant is continuing to pay new first-party total-loss vehicle claims under the same Policy provisions without paying full ACV taxes. Injunctive relief is necessary to stop these repeated and continued violations, which

are likely to continue, repeat, and cause damages to the Class in the future.

47. In the alternative, the action may be maintained as a class action with respect to particular issues, pursuant to Fed.R.Civ.P. 23(c)(4).

48. All conditions precedent to suit have occurred or been performed.

## COUNT I: BREACH OF CONTRACT

49. The allegations contained herein are incorporated by reference.

50. This count is brought by Plaintiff individually and on behalf of the Class members against Defendant GEICO General Insurance Company.

51. Plaintiff was a party to an insurance contract with Defendant as described herein. All Class Members were parties to an insurance contract with Defendant containing materially identical terms.

52. The interpretation of Plaintiff's and all Class members' insurance Policies is governed by New York law.

53. Plaintiff and all Class members made a claim determined by Defendant to be a first-party total loss vehicle under the insurance policy and determined to be a covered claim.

54. Defendant, by paying the total loss vehicle claim, determined that Plaintiff and each Class member complied with the terms of their insurance policy contracts, and fulfilled all duties and conditions under the Policy to be paid on his or her total loss of vehicle.

55. Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured vehicles, Plaintiff and every Class member were owed the Actual Cash Value of the vehicle, including mandatory sales tax.

56. Defendant defined Actual Cash Value as the replacement cost of the vehicle, less deprecation.

57. By promising to pay Plaintiff and every Class member the ACV of their total loss vehicles, Defendant promised to pay the replacement cost of their vehicles, which would include sales tax under the terms of the Policy and New York law.

58. Defendant refused to pay full applicable sales tax to Plaintiff and every Class member.

59. Defendant's failure to provide the promised coverage constitutes a material breach of contract with Plaintiff and every Class member.

60. Defendant is one of the largest physical damage auto insurers in New York. GEICO utilizes the same or materially the same form Policy for all insureds within the state, which promises to pay ACV in the event of a total loss. The payment of sales tax with ACV is required pursuant to New York insurance regulations as detailed herein, and which govern the interpretation of Defendant's Policy. By failing to pay full applicable sales tax, Defendant not only breaches its Policy contracts, but also perpetuates conduct that violates community standards for decency and fairness, and breaches its duty of good faith and fair-dealing.

61. As a result of said breaches, Plaintiff and the Class members are entitled under Defendant's insurance Policies to sums representing the benefits owed for ACV mandatory sales taxes, as well as costs, pre-judgment and post-judgment interest, declaratory relief, injunctive relief, and other relief as is appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Class request an award, relief and entry of a judgment, as follows:

    A.    An order certifying that this action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure; that Plaintiff be appointed representative of the Class; and that Plaintiff's counsel be appointed

  counsel of the Class.

B. Compensatory damages in an amount determined at trial.

C. Restitution in an amount determined at trial.

D. An Order declaring Defendant's conduct to be unlawful, deceptive and in violation of the parties' Policy contracts and applicable New York law, and enjoining Defendant from continuing the unlawful, deceptive practices described throughout this Complaint.

E. An Order awarding Plaintiff his costs of suit, including pre- and post-judgment interest.

F. An Order requiring an accounting for, and imposition of, a constructive trust upon all monies Defendant received as a result of the misleading, fraudulent and unlawful conduct alleged herein.

G. Such other and further relief as may be deemed necessary or appropriate for any of the claims asserted.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 17, 2023        **FEINSTEIN DOYLE PAYNE**
                 **& KRAVEC, LLC**

             By: /s/ Joseph N. Kravec, Jr.
                Joseph N. Kravec, Jr. (No. JK-3696)

                Kaitlyn M. Burns, Esquire
                (*Pro Hac Vice* to be filed)
                29 Broadway, 24th Floor
                New York, NY 10006-3205
                Telephone: (212) 952-0014
                Email: jkravec@fdpklaw.com
                Email: kburns@fdpklaw.com

                and

429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007

Antonio Vozzolo, Esquire
(*Pro Hac Vice* to be filed)
Andrea Clisura, Esquire
(*Pro Hac Vice* to be filed)
**VOZZOLO LLC**
499 Route 304
New City, New York 10956
Telephone: (201) 630-8820
Facsimile: (201) 604-8400
Email: avozzolo@vozzolo.com
Email: aclisura@vozzolo.com

-and-

345 Route 17 South
Upper Saddle River, New Jersey 07458
Telephone: (201) 630-8820
Facsimile: (201) 604-8400
Email: avozzolo@vozzolo.com

*Counsel for Plaintiff and the Proposed Class*