UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN MARCELLETTI, *on behalf of himself and all others similarly situated,*

            Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

           Defendant.
_____

**DECISION AND ORDER**

6:23-CV-06211 EAW CDH

# **INTRODUCTION**

Plaintiff John Marcelletti ("Plaintiff") brings this putative class action suit against defendant GEICO General Insurance Company ("Defendant" or "GEICO"), asserting a claim for breach of contract based on Defendant's failure to pay sales tax as part of the "Actual Cash Value" or "ACV" for total loss vehicles. (Dkt. 1).

Defendant has filed a "conditional" motion to compel appraisal of Plaintiff's total loss vehicle and stay this case pending the result of the appraisal. (Dkt. 39). For the reasons discussed below, Defendant's motion is denied.[1]

# **BACKGROUND**

Plaintiff was involved in an accident while driving a leased vehicle that was insured under a policy issued by GEICO. (Dkt. 1 at ¶¶ 19-21). Plaintiff subsequently

---

[1]     The defendant in the related action *Shiloah v. GEICO Indemnity Company*, No. 6:24-cv-6447 ("*Shiloah*"), filed a similar motion. The Court resolved the motion to compel appraisal in *Shiloah* in a separate Decision and Order. *See Shiloah*, Dkt. 45 (W.D.N.Y. Apr. 11, 2025) ("*Shiloah* Decision"). Familiarity with the *Shiloah* Decision is assumed for purposes of the instant Decision and Order.

filed a claim, and his vehicle was determined to be a total loss. (*Id.* at ¶ 21). Plaintiff alleges that GEICO's payment of ACV—defined in his policy as "the replacement cost of the auto or property less depreciation or betterment"—to settle his claim did not include sales tax. (*Id.* at ¶¶ 17, 24-25).[2] Plaintiff asserts that GEICO breached its policy with Plaintiff and other members of the putative class by failing to pay sales tax as part of the ACV for total loss vehicles. (*Id.* at ¶ 30-32).

Plaintiff's policy with GEICO contains an appraisal provision ("Appraisal Provision") that reads:

> If we and the ***insured*** do not agree on the amount of ***loss***, either may within 60 days after proof of ***loss*** is filed, demand an appraisal of the ***loss***. In that event, we and the ***insured*** will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the ***actual cash value*** and the amount of the ***loss***. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of ***loss***. We and the ***insured*** will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.
>
> We will not waive our rights by any of our acts relating to appraisal.

(Dkt. 40-1 at 20) (bold and italics in original and denoting defined terms in the policy). Defendant "conditionally" moves to compel appraisal of Plaintiff's total loss vehicle pursuant to the Appraisal Provision and stay this case pending the result of the appraisal. (Dkt. 39).

---

[2]   Separately, Defendant has filed a motion for leave to amend its answer and assert a counterclaim (Dkt. 41), in which Defendant alleges that GEICO did, in fact, pay Plaintiff "in the amount of $150.75 . . . to reimburse Plaintiff for the portion of the sales tax he claims he had paid on his leases agreement attributable to the time remaining on his lease agreement after the date of his total loss[.]" (*See* Dkt. 42-1 at 22). That motion will be decided in due course.

Plaintiff filed his claim with GEICO on or about September 27, 2019, and GEICO issued payment to Plaintiff's leaseholder to settle Plaintiff's claim on or about October 11, 2019. (Dkt. 42-1 at 21). However, Defendant's position is that it is not too late to demand an appraisal. In fact, according to Defendant, its demand for appraisal is too *early*, hence its styling the instant motion as "conditional." (*See* Dkt. 40 at 5 ("GEICO moved to dismiss Plaintiff's Complaint because, as a matter of law, Planitiff [sic] is not entitled to recover any sales tax for the total loss of his leased vehicle, but this Court declined to address that legal issue in ruling upon GEICO's Motion. Because this issue is now outstanding, Appraisal of Plaintiff's loss vehicle is currently premature.")).

Like the defendant in *Shiloah*, Defendant argues that a dispute over the amount of loss is the required precondition that gives rise to a party's right to demand appraisal under the Appraisal Provision and triggers the concomitant 60-day deadline. (*See* Dkt. 40 at 6). But unlike the defendant in *Shiloah*, who argued that a dispute over the amount of loss first arose when the plaintiff filed her complaint (*See Shiloah* Decision at 2-3), Defendant puts forth a different theory. Here, Defendant asserts that a dispute over the amount of loss will only arise for the first time when the Court resolves the underlying legal question of whether Plaintiff and other members of the putative class are entitled to payment of sales tax. (Dkt. 40 at 10). Therefore, in Defendant's view, its right to demand appraisal is not yet ripe and the 60-day deadline has yet to start running. (*Id.*).

Defendant acknowledges that the "Court will not revisit this legal question [of whether Plaintiff and other class members are entitled to sales tax] until the issue is presented in dispositive motion briefing." (*Id.*).[3] Nevertheless, Defendant says "GEICO is placed between the proverbial rock and hard place" because it is "precluded from pursuing its contractual right to demand [appraisal] . . . and [] forced to participate in the litigation of this case until the Court resolves the legal question," at which time "GEICO risks this Court concluding GEICO waived its right to Appraisal by actively participating in the litigation of this case, which GEICO has no choice but to do." (*Id.*). Defendant "therefore files this conditional motion . . . to explicitly preserve its right to demand Appraisal." (*Id.* at 10-11).

Plaintiff contends that the Court should deny Defendant's motion on procedural and substantive grounds. Procedurally, Plaintiff says that the Court should deny Defendant's motion because it concedes that appraisal is not yet ripe. (Dkt. 46 at 6, 12-14). Substantively, Plaintiff argues, among other things, that Defendant's demand for appraisal is untimely. (*Id.* at 7, 14-19). According to Plaintiff, the 60-day deadline to demand appraisal started running when Plaintiff submitted "proof of loss," an undefined term in the policy that he argues "refers to the evidence that the policyholder submits to GEICO to establish that the insured vehicle for which an insurance claim has been made was actually lost or damaged." (*Id.* at 14-

---

[3]  Dispositive motions are not currently pending in this case and are not due until 75 days after the parties make Rule 26(a)(2) disclosures for any rebuttal experts, the deadline for which is 13 months after the Court enters an order on Plaintiff's motion for class certification. (*See* Dkt. 70 at 3; Dkt. 113). Simply put, the Court's resolution of any future dispositive motions is not imminent.

15). According to Plaintiff, "[s]ince GEICO needed 'proof of loss' before it determined the amount of the loss and issued payment, at the very latest, 'proof of loss' must have been filed on or about October 11, 2019," when GEICO issued a $17,115.00 payment to Plaintiff's leasing company in settlement of his claim. (*Id.* at 15). Therefore, in Plaintiff's view, Defendant's right to demand to demand appraisal expired 60 days later, on or about December 10, 2019. (*Id.*).

After the instant motion had been briefed (*see* Dkt 40; Dkt. 46; Dkt. 63), the Court of Appeals for the Second Circuit issued a summary order in *Milligan v. GEICO General Insurance Company*, No. 22-2950, 2025 WL 799276 (2d Cir. Mar. 13, 2025) ("*Milligan*"), which resolved appeals from two district court orders denying a GEICO-affiliated entity's invocation of the right to appraisal in separate putative class actions involving the same policy terms and Appraisal Provision at issue here. *See Milligan*, 2025 WL 799276, at *1. Plaintiff thereafter filed a notice of supplemental authority in this case and in *Shiloah*, noting that the Second Circuit in *Milligan* had endorsed his interpretation of the Appraisal Provision and, accordingly, found the *Milligan* defendants' demands for appraisal to be untimely. (Dkt. 114 at 1-2; *see also Shiloah* Decision at 4). The defendant in *Shiloah* filed a response to the notice of supplemental authority, which the Court also considers here to the extent it is applicable. (*See Shiloah* Decision at 4).[4]

---

[4]   In both cases, the defendants claim that the plaintiffs did not file proof of loss. However, in *Shiloah*, the defendant provided extrinsic evidence in the form of a declaration by a GEICO employee stating that the plaintiff did not submit proof of loss. (*See Shiloah* Decision at 8). Here, Defendant includes a declaration from the same GEICO employee, but the declaration does not say anything regarding Plaintiff's filing proof of loss. (*See* Dkt. 40-1 at 47-48).

- 5 -

## DISCUSSION

### I. Scope of Magistrate Judge Authority

The Second Circuit has concluded that the Appraisal Provision at issue here "constitutes arbitration for the purpose of the [Federal Arbitration Act]." *Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 152 (2d Cir. 2019); *see also Chick v. GEICO Gen. Ins. Co.*, No. 24-CV-01124 (JMA) (AYS), 2024 WL 3303266, at *3 n.3 (E.D.N.Y. July 2, 2024) ("A motion for appraisal constitutes a motion to compel arbitration."). "District courts in this Circuit regularly have concluded that a motion to compel arbitration and stay litigation pending arbitration is non-dispositive and therefore within a Magistrate Judge's purview to decide without issuing a report and recommendation pursuant to 28 U.S.C. § 626(b)(1)(B) and Fed. R. Civ. P. 72(b)." *Puig v. City of N.Y.*, 733 F. Supp. 3d 218, No. 23-CV-08674, 2024 WL 2007829, at *1 n.1 (S.D.N.Y. May 7, 2024) (quoting *McCants v. Team Elec., Inc.*, No. 19-CV-095656 (AJN) (RWL), 2021 WL 653122, at *1 n.1 (S.D.N.Y. Feb. 19, 2021)); *see also Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 227 (S.D.N.Y. 2020) (collecting cases), *objections overruled*, No. 10-CV-6950, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021). Accordingly, my resolution of this motion is set forth in a Decision and Order.

### II. Legal Standard

Courts deciding motions to compel arbitration "apply a standard similar to that applicable for a motion for summary judgment," in that they "consider[] all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits" and

"draw[] all reasonable inferences in favor of the non-moving party." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (quotations and original alterations omitted). If the Court concludes that an agreement to arbitrate exists, "it should then consider whether the dispute falls within the scope of the arbitration agreement." *Id.* (citation omitted). The Court applies New York law in interpreting the Appraisal Provision, including the necessary timing for exercising the right to appraisal. *See Amerex Grp., Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 199 (2d Cir. 2012).

### III.  *Milligan* is Dispositive of Defendant's Motion

In its *Shiloah* Decision, the Court discussed the Second Circuit's summary order in *Milligan* and explained why it was dispositive of the defendant's motion to compel appraisal. (*Shiloah* Decision at 6-12). The Court incorporates by reference that discussion and concludes that it applies with equal force to the instant motion. Plaintiff's filing of proof of loss was the unambiguous triggering event for the 60-day deadline to demand appraisal. *See Milligan*, 2025 WL 799276, at *4. And because the "latest possible proof of loss date" was on or about October 11, 2019, when GEICO issued payment on Plaintiff's claim, Defendant's right to demand appraisal expired more than five years ago. *Id.* at *5.

Defendant has not set forth any reason for the Court to find that this matter is distinguishable from *Shiloah* or that *Milligan* is not controlling. To the contrary, Defendant relies upon variations of the arguments that the Court found meritless in *Shiloah*. While failing to explain what constitutes proof of loss under the Appraisal Provision, Defendant argues that Plaintiff did not provide GEICO with "a 'sworn'

proof of loss, the actual form of the proof of loss required by the Policy to which he agreed." (Dkt. 63 at 5 n.1). But this Court may not rewrite a contract provision that the Second Circuit concluded was unambiguous. *See Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 139 (2d Cir. 2000). *Milligan* concluded that the Appraisal Provision does not contemplate any specific form of proof of loss and instead only requires "the ordinary meaning ascribed to the term 'proof of loss' as '[a]n insured's formal statement or documentation of loss required by an insurer before it will determine its liability under the policy.'" *See Milligan*, 2025 WL 799276, at *5 (quoting Black's Law Dictionary (12th ed. 2024)). That conclusion is fully applicable here.

Defendant also goes a step further than the defendant in *Shiloah* and asserts that not only did Plaintiff not file proof of loss, "GEICO and tens of thousands of New York insureds resolve total loss claims without proofs of loss and have done so for many years." (Dkt. 63 at 5 n.1). But this assertion (to the extent it means anything when Defendant cannot explain what constitutes proof of loss under the relevant policies) cannot survive the Second Circuit's decision in *Milligan*. *Milligan* makes clear that by issuing payment, GEICO was accepting whatever documentation had been submitted by its insureds as the contractually required proof of loss.

In sum, because Plaintiff filed proof of loss on or before October 11, 2019, any future demand for appraisal by Defendant will be untimely, and its motion to compel appraisal must be denied.

## IV.     **<u>Defendant's Motion is Procedurally Defective</u>**

Based on the foregoing, Defendant's "conditional" motion must be denied because any future demand for appraisal will be untimely. But even if that were not the case, the Court also finds that this motion must be denied because Defendant's demand for appraisal is not yet ripe under the legal theory it asserts in connection with its motion (that is, that it will only become entitled to demand appraisal if and when the Court rules in favor of Plaintiff on a hypothetical future dispositive motion).

"A claim is not ripe if it depends upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). Defendant's theory is that its demand for appraisal will only become ripe when the Court rules on the underlying legal question of whether Plaintiff and other class members are entitled to payment of sales tax. (Dkt. 40 at 5). Under this theory, this motion is contingent on the distant resolution of not-yet-pending dispositive motions, which, as Plaintiff correctly points out, may ultimately be resolved in Defendant's favor, thereby mooting the need for appraisal. (*See* Dkt. 46 at 13).

While there is no *per se* rule against conditional motions, the contingencies underlying Defendant's "conditional" request to compel appraisal are too remote to warrant granting relief in Defendant's favor. *See generally Kemper Indep. Ins. Co. v. Haughey*, No. 20-CV-5945 (JMF), 2021 WL 134565, at *2 (S.D.N.Y. Jan. 14, 2021) (explaining that federal courts do not "render[] advisory opinions with regard to

events in dispute that have not matured to a point sufficiently concrete to demand immediate adjudication and thus that may never materialize as actual controversies.") (citation omitted).

The Court also rejects Defendant's alternative request to "at the very least, hold GEICO's Conditional Motion in abeyance until it rules upon the legal question" (Dkt. 63 at 4), pursuant to the Court's "broad discretion in managing its docket." *Atkins v. Walmart, Inc.*, No. 22-1192, 2023 WL 3361807, at *1 (2d Cir. May 11, 2023). Because *Milligan* conclusively establishes that any demand for appraisal would be untimely, the Court declines to delay its ruling on the instant motion.

## CONCLUSION

For the reasons set forth above, Defendant's motion to compel appraisal (Dkt. 39) is denied. Because the Court's decision is based on timeliness and procedural grounds, it need not and does not reach any of the other issues raised by the parties in their motion papers.

**SO ORDERED**.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
April 11, 2025