UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN MARCELLETTI, *on behalf of himself
and all others similarly situated*,

               Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

               Defendant.
_____

**DECISION AND ORDER**

6:23-CV-06211 EAW CDH

      The relevant procedural background to this Decision and Order is set forth in the Court's July 1, 2025 Decision and Order (Dkt. 159) (the "July 1, 2025 Decision and Order"), familiarity with which is assumed. The July 1, 2025 Decision and Order resolved in part a motion to compel filed by plaintiff John Marcelletti ("Plaintiff"), which sought to compel defendant GEICO General Insurance Company ("Defendant") to produce, among other things, unredacted copies of certain internal GEICO documents. (*See* Dkt. 43). In resolving the motion to compel, the Court reserved decision as to one category of internal GEICO documents: GEICO's records retention schedule. (*See* Dkt. 159 at 20). Finding that the record was limited as to the relevance of these documents, the Court directed Defendant to provide the Court with unredacted copies of the records retention schedule for *in camera* review. (*Id.*).

      Defendant subsequently provided the Court with both unredacted copies of the records retention schedule, as well as the redacted copies that were produced to Plaintiff. The Court has now reviewed both the unredacted and redacted copies to determine whether any or all of the redacted information should be produced to

Plaintiff in unredacted form. In reviewing the documents, the Court has considered whether any of the redacted information was responsive to Plaintiff's original document request[1] or implicated by Plaintiff's arguments as to why he needs these documents.[2]

The Court has also considered its previous discussion of the applicable caselaw regarding relevancy redactions (*see generally id.* at 13-15, 16-18), as well as the broad standard of relevance in discovery, *see, e.g., Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 166 (S.D.N.Y. 2011). The Court's decision is further informed by other courts that have considered the extent to which document retention policies are relevant, and therefore discoverable, under Rule 26. As one such court has summarized, courts generally take three different approaches to when it is appropriate to compel production of document retention policies:

> On one end of the spectrum, some courts permit discovery of document retention policies without any preliminary showing by the moving party of spoliation or discovery misconduct. On the opposite end of the spectrum, some courts refuse to allow discovery of document retention policies unless the movant first establishes that spoliation is a legitimate issue in the case. In the middle of the spectrum, some courts permit discovery of document retention policies without a showing of spoliation or discovery misconduct, but only in circumstances where the non-moving party has claimed that requested discovery documents are

---

[1] Plaintiff's request was for "[d]ocuments sufficient to identify Your document destruction and retention policies, and any changes to the same, in effect at any time since April 17, 2017." (Dkt. 44-2 at 3).

[2] Plaintiff argued that Defendant's redactions of the records retention schedule removed "possible custodial information," made the documents "incomprehensible," and "interfere[ed] with Plaintiff's ability to identify potential witnesses." (Dkt. 44 at 11). At oral argument, Plaintiff added that he intends to utilize the retention schedule to know what records have been kept or destroyed, and to reference the schedule in the event that Defendant claims certain documents are not in its possession. (*See* Dkt. 159 at 5).

unavailable, or when there are indicia that the discovery process was not thorough, reliable, or transparent.

*McMorrow v. Mondelez Int'l, Inc.*, No. 17-CV-02327-BAS (JLB), 2019 WL 3852498, at *3 (S.D. Cal. Apr. 19, 2019) (quotations and citations omitted).

Here, the Court finds that the middle ground approach is appropriate. While there is no evidence of discovery misconduct, the nature of the underlying dispute over Defendant's redactions raises fair questions about the thoroughness, reliability, and transparency of Defendant's discovery process. *Cf. Burd v. Ford Motor Co.*, No. 3:13-CV-20976, 2015 WL 4137915, at *9 (S.D.W. Va. July 8, 2015) (permitting discovery as to the defendant's document retention policy where the plaintiff's concerns about the thoroughness of the defendant's document production were sufficiently corroborated). As discussed in the July 1, 2025 Decision and Order, Defendant did not seek advance permission from the Court before producing redacted documents and generally asserted unfettered discretion to redact material that it deemed irrelevant, without appropriate legal support for such a position. (Dkt. 159 at 17). The Court ordered Defendant to produce unredacted copies of GEICO's claims adjuster handbooks because it was not clear that, in making its redactions, Defendant had properly considered its own affirmative defenses, in addition to Plaintiff's claim. (*Id.* at 19-20). Likewise, in reviewing the unredacted records retention schedule, the Court can readily identify several pieces of information—for example, the retention policies for GEICO's Claims Manual and Claims Code of Conduct— that could at least be broadly relevant to this case.

Accordingly, the Court concludes that Defendant should produce its unredacted records retention schedule, because Plaintiff has shown a need "to determine the universe of responsive documents, evaluate the completeness of the existing document production, identify any gaps in document production, and craft targeted discovery requests to efficiently obtain any missing records." *McMorrow*, 2019 WL 3852498, at *3; *see also Sharma v. BMW of N. Am. LLC*, No. 13-CV-02274-MMC (KAW), 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016) ("Knowledge of [the defendant's] document retention policies will allow Plaintiffs to assess the company's document production, determine whether any relevant documents are lacking, and evaluate whether additional discovery is necessary in this case."). Moreover, given that the sole basis for Defendant's redactions is relevance (*see* Dkt. 56-1 at 8-9)—and because none of the redacted information, on its face, appears to be sensitive—Defendant has not shown any countervailing interest that warrants nondisclosure of this information as between the parties in discovery.

Plaintiff's motion to compel as to GEICO's records retention schedule (Dkt. 43) is therefore granted. Within 14 days of the entry date of this Decision and Order, Defendant shall produce to Plaintiff unredacted copies of GEICO's records retention schedule.

**SO ORDERED**.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         October 6, 2025