UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN MARCELLETTI, *on behalf of himself and all others similarly situated*,

              Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

              Defendant.
_____

**DECISION AND ORDER**

6:23-CV-06211 EAW

# INTRODUCTION

Plaintiff John Marcelletti ("Plaintiff") commenced this putative class action against defendant GEICO General Insurance Company ("GEICO" or "Defendant"), asserting a claim for breach of contract based on Defendant's failure to pay sales tax for total loss vehicles that are leased. (Dkt. 1).

Presently before the Court are four motions to seal filed by Defendant: (1) an April 25, 2025 motion to seal information filed in connection with Plaintiff's emergency motion to enforce the third amended scheduling order (Dkt. 123); (2) a May 9, 2025 motion to seal information contained in Defendant's supplement to its opposition to Plaintiff's emergency motion to enforce the third amended scheduling order (Dkt. 131); (3) a May 22, 2025 motion to seal information contained in Plaintiff's reply in support of his emergency motion to enforce the third amended scheduling order (Dkt. 137); and (4) a June 13, 2025 motion to seal information contained in Plaintiff's opposition to Defendant's May 22, 2025

- 1 -

motion to seal (Dkt. 149). Plaintiff only filed opposition to the latter two motions. (*See* Dkt. 142; Dkt. 160).

For the reasons that follow, the Court denies Defendant's motions.

## **BACKGROUND**

Plaintiff commenced this action on April 17, 2023. (Dkt. 1). Defendant filed a motion to dismiss (Dkt. 12), which was denied by the Court on March 31, 2024 (Dkt. 23). On March 27, 2024, Defendant filed an answer. (Dkt. 26).

The case was referred to a magistrate judge for supervision of discovery and on May 8, 2025, a scheduling order was issued. (Dkt. 35). The magistrate judge entered an amended scheduling order on October 16, 2024 (Dkt. 58), and a third amended scheduling order was entered by the undersigned on March 5, 2025 (Dkt. 113). The third amended scheduling order provides for the parties to bundle the materials filed in connection with Plaintiff's amended motion for class certification and any motions to limit or exclude witnesses, as well as the response and reply to such motions. (*Id.* at ¶¶ 2, 4). It also provides that if Plaintiff submits a declaration or report of any expert or summary witness(es) in support of his amended motion for class certification, Defendant is given the opportunity to depose those witnesses. (*Id.* at ¶ 2).

On April 24, 2025, Plaintiff filed an emergency motion to enforce the third amended scheduling order. (Dkt. 117). In it, Plaintiff moved to preclude Defendant from serving deposition and document subpoenas upon Ruairi McDonnell and Alex Couch, attorneys at Plaintiff's counsels' law firms, arguing that such discovery was irrelevant and unnecessary. (Dkt. 118 at 1). On May 21, 2025, the Court granted Plaintiff's motion and precluded

Defendant from taking the depositions of attorneys McDonnell and Couch. (Dkt. 136). The Court also directed the parties to file motions to seal for any information that was redacted in the filings relating to the emergency motion. (*Id.*).

## **DISCUSSION**

"In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. . . . Second, once the Court finds that the document is a judicial document, the court must determine the weight of the presumption that attaches. . . . Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (quotations and citations omitted). To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). As the movant, the burden is on Defendant to demonstrate that sealing is warranted. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action.").

Because the information sought to be sealed was submitted in connection with a motion raising a discovery dispute and was pertinent to the Court's determination of that motion, the Court rejects Defendant's argument that the information does not constitute

- 3 -

judicial documents entitling it to any presumption of public access. While documents and exhibits solely exchanged during discovery may fall outside of material ordinarily considered judicial documents, "letter motions, briefs, and declarations to which such exhibits are attached 'may be judicial documents to which the presumption of public access may apply.'" *Authors Guild v. OpenAI Inc.*, No. 23-CV-10211 (SHS) (OTW), 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025) (quoting *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *9 (E.D.N.Y. July 6, 2020)); *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (documents "submitted in connection with, and relevant to, [ ] judicial decision-making [on motions to compel, quash, and exclude deposition testimony] are subject to at least some presumption of public access"). "This, however, 'does not necessarily mean that those documents meet the higher threshold imposed by the First Amendment with respect to judicial documents.'" *Samsung Elecs. Co. v. Microchip Tech. Inc.*, No. 1:24-MC-00269 (GHW), 2024 WL 4169353, at *3 (S.D.N.Y. Sept. 12, 2024) (internal quotation marks omitted) (quoting *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-04500 (GHW), 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021)). "[M]aterials submitted in connection with non-dispositive motions, including discovery motions, are entitled to a weaker but 'still substantial' presumption of public access." *Disability Rts. Connecticut, Inc. v. Connecticut Dep't of Correction*, No. 3:21-CV-146(KAD), 2024 WL 3963782, at *7 (D. Conn. Aug. 28, 2024) (quoting *In re Arida, LLC*, No. 19-MC-522 (PKC), 2020 WL 8513844, at *1 (S.D.N.Y. Dec. 23, 2020)); *see also Conservation L. Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-00933 (JAM), 2023 WL 5567614, at *2 (D. Conn. May 16, 2023) ("When the document was placed before the court

as an exhibit to a discovery motion, the presumption of access typically 'has only modest weight[.]'" (citation and quotation omitted)). The materials at issue on Defendant's pending motions to seal consist of briefs, declarations, and portions of deposition transcripts filed in connection with and relied upon by the Court in resolving Plaintiff's emergency motion to enforce the scheduling order. These materials cannot be considered documents merely exchanged by the parties during discovery or wholly tangential to the matters at issue on the discovery motion. Accordingly, at the very least, a presumption of access applies.

Having concluded that the information and exhibits are judicial documents entitled to a presumption of public access, the Court considers whether the presumption is outweighed for the reasons advanced by Defendant. The Court concludes that Defendant has not established that there are compelling reasons to maintain the information under seal.

Notably, while relevant, the fact that any of the information was subject to protection under a confidentiality protective order entered in this matter does not alone justify granting the motions to seal. *See Uni-Sys., LLC. v. United States Tennis Ass'n, Inc.*, No. 17CV147(KAM)(CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) ("However, this Court has previously observed that while 'a protective order may provide guidance to the parties regarding what documents it might be appropriate to seal and how such documents should be presented to the Court, the decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in

confidence.'" (quoting *Johnson v. Federal Bureau of Prisons*, No. 16 CV 3919, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017))); *see also Loma Linda Univ. v. Smarter Alloys, Inc.*, No. 19-CV-607-LJV-MJR, 2024 WL 4932525, at *2 (W.D.N.Y. Dec. 2, 2024) ("[T]he fact that a document was marked as confidential during discovery does not mean that it should be sealed when submitted in connection with a dispositive motion."); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y. 2017) ("[C]ourts in this district have repeatedly found that the preservation of such bargained-for confidentiality does not overcome the presumption of access to judicial documents."). Nor does the fact that Plaintiff did not oppose two of the four motions direct a finding that the unopposed motions be granted. The Court's obligation to provide public access to judicial documents operates independently from the parties' positions on whether the matters should be sealed. *See Cantinieri v. Verisk Analytics, Inc.*, No. 21CV6911(NJC)(JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) ("Although the parties are moving jointly to seal these documents . . . and despite the existence of a court-approved protective order allowing the parties to designate materials as confidential and to request permission to file such documents under seal . . . this Court must—given the common law right of public access to judicial documents firmly rooted in our nation's history—ensure that the requested sealing is narrowly tailored and 'is necessary to preserve higher values' above the public's right to transparency." (quoting *Lugosch,* 435 F.3d at 119, 124)).

Put simply, Defendant has not met its burden of demonstrating with specific and particular facts that it will suffer competitive harm if the alleged confidential business information at issue is disclosed. The information at issue generally relates to data that

Defendant tracks related to total loss claims, including the precise number of certain types of claims during a particular time period, but the arguments advanced by Defendant with respect to the confidentiality of this information are too conclusory to overcome even a modest presumption of public access. Indeed, they are the same exact arguments that Defendant has asserted in connection with other motions to seal other information in this case and which have been uniformly rejected as being conclusory. (*See* Dkt. 159 (denying motion to seal at Dkt. 51); Dkt. 175 (denying motions to seal at Dkt. 154; Dkt. 165; Dkt. 170 ("This is further underscored by the fact that GEICO General's papers in support of its motions are virtually identical to those filed in support of its previous motion to seal, which involved entirely different documents and categories of information, and which the Court denied on similar grounds."))).

In sum, given the lack of support provided for the relief sought, Defendant's motions to seal are denied. Within 14 days of entry of this Decision and Order, the parties must file unredacted versions of the documents at issue on the docket.

## CONCLUSION

For the foregoing reasons, Defendant's motions to seal (Dkt. 123; Dkt. 131; Dkt. 137; Dkt. 149) are denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 3, 2025
     Rochester, New York