# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MARCELLETTI, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No: 6:23-cv-06211-EAW-CDH |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SEAL FILED AS ECF NOS. 138 – 138-2

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     LEGAL STANDARD ............................................................................................4

III.    ARGUMENT ........................................................................................................5

        A.      The Reply is a Judicial Document and Afforded a Presumption
                of Public Access ........................................................................................5

        B.      The Weight of the Presumption of Public Access Outweighs
                Any Harm Alleged By GEICO .................................................................8

                1.      GEICO's Broad, Vague, and Conclusory Allegations
                        of Potential Harm Do Not Rebut the Presumption of Public
                        Access to the Reply, Requiring the Court to Deny
                        Its Motion to Seal .........................................................................9

                2.      The Information GEICO Seeks to Seal is Already
                        Public Information ......................................................................10

                3.      The Fact that the Data from which the Statements in the
                        Reply are Derived is Designated Confidential Pursuant to the
                        Protective Order Does Not Warrant Sealing ...............................14

        C.      GEICO's Motion to Seal Fails to Comply with the Local Rules,
                Warranting Outright Denial .....................................................................15

IV.     CONCLUSION ...................................................................................................16

## **TABLE OF AUTHORITIES**

**Cases**                                                                                      **Page(s)**

*Jingrong v. Chinese Anti-Cult World Alliance (CACWA),*
    2016 U.S. Dist. LEXIS 72034 (E.D.N.Y. June 2, 2016) .................................................... 6-7

*Acun v. Merrill Lynch, Pierce, Fenner, & Smith,*
    2020 U.S. Dist. LEXIS 7846 (S.D.N.Y. Jan. 15, 2020) ........................................................ 6

*Bernstein v. Bernstein Litowitz Berger & Grossman LLP*,
    814 F.3d 132 (2d Cir. 2016) ......................................................................................... 8-9, 9

*Brown v. Maxwell*,
    929 F.3d 41 (2d. Cir. 2019) ........................................................................................... 5-6, 8

*Chigirinskiy v. Panchenkova*,
    319 F. Supp. 3d 718 (S.D.N.Y. 2018) ................................................................................ 6

*Clearwater Ins. Co. v. Granite State Ins. Co.*,
    2015 U.S. Dist. LEXIS 197182 (S.D.N.Y. Mar. 2, 2015) .................................................. 6-7

*DiRussa v. Dean Witter Reynolds, Inc.*,
    121 F.3d 818 (2d Cir. 1997) ............................................................................................ 5

*Guild v. Openai, Inc.,*
    2025 U.S. Dist. LEXIS 5365 (S.D.N.Y. Jan. 10, 2025) ........................................................ 5

*In re GEICO Gen. Ins. Co.,*
    2023 U.S. Dist. LEXIS 43778 (N.D. Cal. Mar. 13, 2023) .................................................... 12

*In re N.Y. Times Co.*,
    828 F.2d 110 (2d Cir. 1987) ............................................................................................ 10

*In re Omnicom Group, Inc. Sec. Litig.,*
    2006 U.S. Dist. LEXIS 76782 (S.D.N.Y. Oct. 20, 2006) ...................................................... 7

*Joffe v. GEICO Indem. Ins. Co.,*
    2019 U.S. Dist. LEXIS 176117 (S.D. Fla. July 30, 2019) .................................................... 12

*Lewis v. Gov't Emps. Ins. Co.*,
    98 F.4th 452 (3d Cir. 2024) ............................................................................................ 13

*Loma Linda Univ. v. Smarter Alloys, Inc.,*
    2024 U.S. Dist. LEXIS 217568 (W.D.N.Y. Dec. 2, 2024) ................................................ 5, 15

*Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*,
  2021 U.S. Dist. LEXIS 151075 (S.D.N.Y. Aug. 11, 2021) .................................................. 15

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d. Cir. 2006) ............................................................................. *passim*

*Mayer v. Patriot Pickle Inc.*,
  2024 U.S. Dist. LEXIS 7874 (W.D.N.Y. Jan. 16, 2024) ........................................................ 8

*McGuire v. Town of Cheektowaga*,
  2024 U.S. Dist. LEXIS 156740 (W.D.N.Y. Aug. 28, 2024) ................................................... 6

*Metcalf v. Transperfect Translations Int'l Inc.*,
  2023 U.S. Dist. LEXIS 198893 (S.D.N.Y. Nov. 6, 2023) ..................................................... 14

*Mezu-Ndubuisi v. Univ. of Rochester*,
  2025 U.S. Dist. LEXIS 357 (W.D.N.Y. Jan. 2, 2025) ..................................................... 4, 6, 8

*Neilson Consumer LLC v. Circana Grp., L.P.*,
  2024 U.S. Dist. LEXIS 149307 (S.D.N.Y. Aug. 20, 2024) ................................................... 7

*Olson v. Major League Baseball*,
  29 F.4th 59 (2d Cir. 2022) ............................................................................................ 5

*Preston v. City of Rochester*,
  2024 U.S. Dist. LEXIS 171424 (W.D.N.Y. Sept. 23, 2024) ................................................ 8

*Roth v GEICO Gen. Ins Co.*,
  2018 U.S. Dist. LEXIS 226658 (S.D. Fla. May 3, 2018) ................................................. 3, 12

*Savage v. Sutherland Glob. Servs.*,
  2025 U.S. Dist. LEXIS 80554 (W.D.N.Y. Apr. 28, 2025) ........................................ 4, 5, 6, 15

*Schiller v. City of New York*,
  2006 U.S. Dist. LEXIS 70479 (S.D.N.Y. Sept. 27, 2006) ................................................... 7

*Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*,
  2023 U.S. Dist. LEXIS 194115 (S.D.N.Y. Oct. 30, 2023) .................................................. 4

*Strike 3 Holdings, LLC v. Doe*,
  2025 U.S. Dist. LEXIS 86399 (W.D.N.Y. May 6, 2025) ...................................................... 2

*Strike 3 Holdings, LLC*,
  2025 U.S. Dist. LEXIS 86399 ........................................................................................ 10

*Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*,
  2019 U.S. Dist. LEXIS 133717 .................................................................................. 7, 10

*Uni-Sys., LLC v. United States Tennis Ass'n,*
     2020 U.S. Dist. LEXIS 251138 (E.D.N.Y. July 6, 2020) ........................................ 7

*United States v. Amodeo,*
     71 F.3d 1044 (2d Cir. 1995) ................................................................ 8

*VR Optics, LLC v. Peloton Interactive, LLC,*
     2019 U.S. Dist. LEXIS 82183 ........................................................ 2, 6, 7

**Statutes**

Loc. R. Civ. P. 5.3 .................................................................................. 5

N.Y. Fin. Serv. Law § 207 .................................................................. 3, 11

N.Y. Ins. Law § 307 ............................................................................... 11

N.Y. Ins. Law § 4117 ............................................................................. 14

## I.    INTRODUCTION

On May 22, 2025, Defendant GEICO General Insurance Company ("GEICO") filed the instant motion to seal Plaintiff's "Reply in Support of Plaintiff's Emergency Motion to Enforce Third Amended Scheduling Order." *See* ECF Nos. 138 – 138-2. In doing so, GEICO references "facts" that are not germane to the Court's decision on the merits of this motion. It does so in a thinly veiled attempt to tarnish the reputation of Plaintiff's counsel. *See* ECF No. 138 at 1; *see generally* ECF No. 138-1 (Declaration of Claire E. F. Grimes in Support of Motion to Seal ("Grimes Decl.")).  Specifically, despite the Court confirming just two days prior at the May 20, 2025, hearing in this case that the inadvertently filed, underacted version of Plaintiff's Reply in Support of Plaintiff's Emergency Motion to Enforce Third Amended Scheduling Order ("Reply") was never filed publicly on the Court's docket (*see* Declaration of Joseph N. Kravec, Jr. in Support of Plaintiff's Opposition to GEICO's Motion to Seal Filed as ECF Nos. 138-138-2 ("Kravec Decl.") at ¶¶ 1-0 (filed concurrently herewith)), GEICO recounts these details to try to bolster its argument that the statements in the redacted version of Plaintiff's Reply (ECF No. 134) should remain under seal.  *See* ECF No. 138 at 1; *see generally* ECF No. 138-1, Grimes Decl. What GEICO's motion is missing, however, are facts that enable the Court to make the sufficient, specific findings that GEICO is entitled to its requested relief.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20, 124 (2d. Cir. 2006).

Plaintiff's Reply redacts three types of information: (1) the number of total loss claims GEICO reported for an unspecified time period, (2) Plaintiff's expert's estimation of the number of potential class members and Plaintiff's counsel's estimation of the same, and (3) the fact that GEICO tracks the "Sales Tax Amount" paid for total loss claims. *See* ECF No. 134. The number of total loss claims, Plaintiff's estimation of the number of potential class members, and the fact that GEICO maintains a column of data entitled "Sales Tax Amount" for its paid total loss claims

are all that is referenced in the Reply. *Id.* These facts are completely divorced from any actual data GEICO produced that identifies actual claimants or any specific claims-handling practice. As such, the states in the Reply are not confidential and need not be sealed. *Id.*

Nevertheless, in its motion, GEICO argues that the redacted statements in the Reply should remain under seal because the Reply is not a judicial document, so there is no presumption of public access to it (ECF No. 138 at 2-4), and "GEICO's legitimate interest in protecting its confidential and proprietary business information outweighs any interest in public access to non-judicial documents." ECF No. 138 at 2. These arguments fail for five reasons.

*First,* the Reply, a brief filed with this Court in support of a motion before the Court, is a judicial document to which the presumption of public access attaches. Second Circuit case law is clear that briefs, including discovery motion briefs that reference discovery materials, are judicial documents because they influence courts in ruling on motions. *See e.g., VR Optics, LLC v. Peloton Interactive, LLC*, No. 16-CV-6392 (JPO), 2019 U.S. Dist. LEXIS 82183, at *25 (S.D.N.Y. May 15, 2019) ("The Court concludes that the parties' briefs and the attached exhibits filed in connection with these motions to compel are 'judicial documents' to which a presumptive right of public access attaches, because the filings are 'relevant to the performance of the judicial function and useful in the judicial process.'") (citation omitted; collecting Second Circuit cases holding similarly).

*Second,* GEICO's motion papers only make broad, vague, and conclusory assertions that the statements in the Reply are confidential business information without explaining *why* the specific information redacted is confidential. This Court has recently opined that "broad, vague, and conclusory allegations of harm . . . are . . . insufficient to overcome the presumption of public access." *Strike 3 Holdings, LLC v. Doe*, No. 1:24-CV-00400 EAW, 2025 U.S. Dist. LEXIS 86399, at *4 (W.D.N.Y. May 6, 2025) (Wolford, C.J.) (quotations and citation omitted). GEICO's

unsupported statements that the information in Plaintiff's Reply is confidential fails to satisfy GEICO's burden in establishing that sealing is required.

*Third*, even if GEICO made more specific allegations detailing how and why the redacted information itself is confidential business information, those allegations are meritless because GEICO already provides this information to the public and to third parties, and courts regularly publish such information in their opinions. Indeed, GEICO is required by New York law to publish its yearly number of premium written exposures (*i.e.,* its loss claims) for physical damage lines of coverage. *See* N.Y. Fin. Serv. Law § 207 (L 2012, ch. 173, § 4) (eff. July 18, 2012); Declaration of Kaitlyn M. Burns in Support of Plaintiff's Opposition to Defendant's Motion to Seal ("Burns Decl.") ¶ 4, Ex. 2, at 8 (Special Interrogatories for New York Business, No. 5). Courts publish the number of class members and total loss claims in their class certification and final approval orders, including those of GEICO and its affiliates. *See, e.g., Roth v GEICO Gen. Ins Co.*, No. 16-62942-Civ-DIMITROULEAS, 2018 U.S. Dist. LEXIS 226658, at *7 (S.D. Fla. May 3, 2018) (stating in publicly available class certification opinion regarding GEICO's failure to pay full sales tax on total loss claims in Florida that "Plaintiff has satisfied the numerosity requirement. Plaintiff points to data produced by Defendant showing that there are over 3,600 class members."). Further, the Third Circuit denied GEICO parent company, Government Employees Insurance Company's, motion to impound and seal the same type of information GEICO requests this Court to seal because the request was not narrowly tailored to redact information that was subject to sealing. *See* Burns Decl. ¶¶ 5-18, and Exs. 3-8, 16 (motions and orders denying motions to impound and seal); *see e.g.,* Burns Decl. ¶ 12, Ex. 10, at 33 (stating publicly in motion for class certification that "data produced by GEICO shows that there are 6,430 reports that did not include payment for tax . . ." . Because this information is already public and courts have ruled it is not subject to sealing, this Court should rule similarly and deny this motion.

*Fourth*, the law is clear that the mere fact that a document refers to discovery material that a party designated "confidential" subject to a protective order entered in the case does not automatically warrant sealing. *See Lugosch,* 435 F.3d at 126.

*Fifth,* GEICO's motion fails to comply with Loc. R. Civ. P. 5.3 because it fails to attach "an affidavit, declaration, or affirmation" that identifies "the proposed duration of the requested order" and the memorandum of law does not set forth the "rationale for the proposed duration of the requested order." Loc. R. Civ. P. 5.3(c)(2)(B) and (C). This failure is sufficient to deny the motion outright. *Accord Savage v. Sutherland Glob. Servs.*, No. 6:19-CV-06840 EAW, 2025 U.S. Dist. LEXIS 80554, at *5-6 (W.D.N.Y. Apr. 28, 2025) (Wolford, C.J.).

## II.    LEGAL STANDARD

"'In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. . . . Second, once the Court finds that the document is a 'judicial document, the court must determine the weight of the presumption that attaches. . . . Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption.'" *Mezu-Ndubuisi v. Univ. of Rochester*, No. 6:24-cv-06387-EAW, 2025 U.S. Dist. LEXIS 357, at *2 (W.D.N.Y. Jan. 2, 2025) (Wolford, C. J.) (quoting *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 U.S. Dist. LEXIS 194115, at *2-5 (S.D.N.Y. Oct. 30, 2023)). Under both common law and the First Amendment, there is a general presumption in favor of public access to judicial documents. *See Lugosch*, 435 F.3d at 119-20, 124. Therefore, regardless of the weight that must be accorded to the presumption, the Court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id.* The Court may only deny public access to a document (*i.e.,* grant a motion to seal) "if the factors counseling against public access outweigh the presumption of

access afforded to that record." *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022).

The moving party bears the burden of justifying sealing under the three-part test. *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *see also Guild v. Openai Inc.*, No. 23-cv-8292 (SHS) (OTW) et al., 2025 U.S. Dist. LEXIS 5365, at *15 (S.D.N.Y. Jan. 10, 2025) (citing *DiRussa* for this proposition). "Under Local Rule of Civil Procedure 5.3(a), 'parties, complaints, and documents are [presumptively] publicly accessible' and '[a] party seeking to have a case, party, complaint, document, or portion of a document filed under seal bears the burden of demonstrating that such material should be sealed under applicable law.'" *Loma Linda Univ. v. Smarter Alloys, Inc.*, No. 19-CV-607-LJV-MJR, 2024 U.S. Dist. LEXIS 217568, at *3-4 (W.D.N.Y. Dec. 2, 2024) (alterations in original). Additionally, a motion to seal's failure to comply with Loc. Rule. Civ. P. 5.3 "alone warrants [its] denial." *Savage.*, 2025 U.S. Dist. LEXIS 80554, at *5-6 (Wolford, C.J.).

## III.    ARGUMENT

### A.    The Reply is a Judicial Document and Afforded a Presumption of Public Access

GEICO argues that the Plaintiff's Reply brief is somehow not a judicial document because it cites materials obtained in discovery. *See* ECF No. 138 at 2-4. GEICO is wrong.

Second Circuit case law definitively establishes that briefs filed by parties to a lawsuit, like the Reply here, are judicial documents to which the presumption of public access attaches. A document is considered a "judicial document" for motion to seal purposes when it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch,* 435 F.3d at 119 (quotations and citation omitted). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown*

*v. Maxwell*, 929 F.3d 41, 49 (2d. Cir. 2019). Briefs, submitted by parties to persuade the court that its side is right regarding the granting or denial of a motion, certainly influence a court's ruling on motions.

Accordingly, courts in the Second Circuit, including this Court, routinely hold that briefs are judicial documents because they influence courts' rulings on motions. *See, e.g., Savage*, 2025 U.S. Dist. LEXIS 80554, at *5 (Wolford, C.J.) (holding documents submitted in connection with a class certification motion are judicial documents and citing cases holding that briefs are judicial documents to do so); *Mezu-Ndubuisi*, 2025 U.S. Dist. LEXIS 357, at *2-3 (holding documents submitted with motions to dismiss are judicial documents and citing cases holding the parties' briefs are judicial documents to do so) (Wolford, C.J.); *McGuire v. Town of Cheektowaga*, No. 1:20-cv-01632, 2024 U.S. Dist. LEXIS 156740, at *4-6 (W.D.N.Y. Aug. 28, 2024) (finding memorandum of law and accompanying affidavit to be judicial documents to which presumption of public access applies). *See also, e.g., Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 737 (S.D.N.Y. 2018) ("[T]here is no question that the Settlement Agreement and the parties' briefs are judicial documents[.]"); *Acun v. Merrill Lynch, Pierce, Fenner, & Smith*, No. 18-CV-07217 (GBD)(SN), 2020 U.S. Dist. LEXIS 7846, at *16 (S.D.N.Y. Jan. 15, 2020) (concluding transcripts and briefs are judicial documents the public is presumptively entitled to see); *VR Optics, LLC v. Peloton Interactive, LLC*, 2019 U.S. Dist. LEXIS 82183, at *25 ("The Court concludes that the parties' briefs and the attached exhibits filed in connection with these motions to compel are 'judicial documents' to which a presumptive right of public access attaches, because the filings are 'relevant to the performance of the judicial function and useful in the judicial process.'") (citation omitted; collecting Second Circuit cases holding similarly); *Jingrong v. Chinese Anti-Cult World Alliance (CACWA)*, No. 15 civ. 1046 (SLT) (VMS), 2016 U.S. Dist. LEXIS 72034, at *6-7 (E.D.N.Y. June 2, 2016) (holding letter briefs are judicial documents); *Clearwater Ins. Co. v.*

*Granite State Ins. Co.*, No. 15-cv-165 (RJS), 2015 U.S. Dist. LEXIS 197182, at *3 (S.D.N.Y. Mar. 2, 2015) (arbitration brief is a judicial document); *Schiller v. City of New York*, Nos. 04 Civ. 7922 (KMK) (JCF), 04 Civ. 7921 (KMK) (JCF), 2006 U.S. Dist. LEXIS 70479, at *12-15 (S.D.N.Y. Sept. 27, 2006) (finding a brief submitted on motion for protective order is a judicial document). The Court should rule similarly here and find that the Reply is a judicial document to which the presumption of public access attaches.

GEICO contention that the Reply brief is not a judicial document because it cites discovery materials is unsupported. Rather, courts regularly find that discovery motion briefs, which by their nature include citations to discovery materials relevant to deciding the motion, are judicial documents. *See VR Optics, LLC,* 2019 U.S. Dist. LEXIS 82183, at *25 (brief filed in opposition to motion to compel discovery as well as exhibits filed in support of motion to compel are judicial documents); *In re Omnicom Group, Inc. Sec. Litig.*, No. 02 Civ. 4483 (RCC) (MHD), 2006 U.S. Dist. LEXIS 76782, at *5 (S.D.N.Y. Oct. 20, 2006) (letter briefs on a motion to compel production of documents and accompanying exhibits "certainly qualify as judicial documents."). In fact, three of the five cases GEICO cites in its brief in support of its motion to seal support this notion. *See Uni-Sys., LLC v. United States Tennis Ass'n,* NO. 17 CV 147 (KAM) (CLP), 2020 U.S. Dist. LEXIS 251138, at *28 (E.D.N.Y. July 6, 2020) (holding that discovery letter motions "may be judicial documents to which the presumption of public access may apply."); *Uni-Sys., LLC v. United States Tennis Ass'n,* NO. 17 CV 147 (KAM) (CLP), 2019 U.S. Dist. LEXIS 133717, at *7 (E.D.N.Y. Aug. 8, 2019) ("Courts in this circuit have frequently found documents filed in support of discovery motions to be judicial documents.") (collecting cases); *Neilson Consumer LLC v. Circana Grp., L.P.*, No. 22-CV-3365 (JPO)(KHP), 2024 U.S. Dist. LEXIS 149307, at *11 (S.D.N.Y. Aug. 20, 2024) (holding that letters apprising the court of discovery disputes and of the status of discovery are judicial documents). The Reply is, thus, clearly a brief to which the

presumption of public access applies.

**B.    The Weight of the Presumption of Public Access Outweighs Any Harm Alleged By GEICO**

Since the Reply is a judicial document presumptively accessible to the public, the Court must determine how much weight to give to that presumption. *Mezu-Ndubuisi,* 2025 U.S. Dist. LEXIS 357, at *2. "The weight afforded to [it] depends upon the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Preston v. City of Rochester*, No. 6:22-CV-06525 EAW, 2024 U.S. Dist. LEXIS 171424, at *8 (W.D.N.Y.  Sept. 23, 2024) (Wolford, C.J.) (internal citations and quotations omitted). *"*Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*").  The Second Circuit has not conclusively defined how much weight to afford a judicial document that directly affects the adjudication of a non-dispositive motion, like the Reply here. *See, e.g., id.* Nevertheless, it has instructed that:

> Although a court's authority to oversee discovery and control the evidence introduced at trial surely constitutes an exercise of judicial power, we note that this authority is ancillary to the court's core role in adjudicating a case. Accordingly, the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment.

*Brown*, 929 F.3d at 50. While the Second Circuit noted the weight of the presumption to public access for judicial documents like the Reply is "somewhat lower" than for briefs filed for dispositive motions, the presumption, nevertheless, exists. Accordingly, GEICO bears the burden of establishing " 'countervailing factors' that outweigh the presumption for the requested material to be sealed." *Mayer v. Patriot Pickle Inc.,* No. 23-CV-1299-LJV,  2024 U.S. Dist. LEXIS 7874, at *3 (W.D.N.Y. Jan. 16, 2024) (quoting *Bernstein v. Bernstein Litowitz Berger & Grossman LLP,*

814 F.3d 132, 143 (2d Cir. 2016)).  GEICO cannot satisfy this burden.

      **1.**   **GEICO's Broad, Vague, and Conclusory Allegations of Potential Harm Do Not Rebut the Presumption of Public Access to the Reply, Requiring the Court to Deny Its Motion to Seal**

GEICO contends that the redacted parts of Plaintiff's Reply should remain under seal because "they discuss GEICO's confidential and proprietary information pertaining to its claim-handling practices and its internal processes and procedures, including confidential and proprietary information pertaining to the data GEICO tracks and maintains related to total loss vehicle claims." ECF No. 138 at 4-5. GEICO then goes on to make vague, conclusory statements about how it "derives independent economic value from it," "does not make it publicly available," and that "competitor[s] could use that information to its own economic benefit, to GEICO's detriment, and could gain a competitive advantage over GEICO and cause GEICO substantial economic harm." *Id.* at 5-6. GEICO, however, never explains how or why the specific redacted information it seeks to seal in the Reply is confidential or how divulgence might harm its competitive standing. GEICO purports to submit evidence showing how the specific information in the Reply will cause competitive harm by citing two Declarations of Kevin Costigan it previously filed for other motions to seal. *See id.* at 5-6 (citing Costigan Declarations filed as ECF Nos. 124-1, Ex. 1 and 132-1, Ex. 1). But, these Declarations fail to make any showing of potential competitive harm for two reasons. First, the Declarations themselves only make broad, conclusory statements that GEICO will be harmed. *See generally* ECF Nos. 124-1, Ex. 1 and 132-1, Ex. 1. They essentially parrot what GEICO's brief says and provide no further analysis. They do not show how or why stating the number of total loss claims GEICO reported for an unspecified time period, Plaintiff's expert's estimation of the number of potential class members, Plaintiff's counsel's estimation of the same, or the fact that GEICO tracks the "Sales Tax Amount" paid for total loss claims, divorced from any other information, would harm it competitively in any way. Second, the Declarations do

not state that Mr. Costigan reviewed the Reply. *See generally* ECF Nos. 124-1, Ex. 1 and 132-1, Ex. 1. So, they cannot be relied upon here to show that there is information in the Reply that is confidential or would hurt GEICO if divulged.

Failure to make a specific showing of how divulgence of the specific information would hurt its competitive standing is fatal to its motion. Indeed, as this Court has recently opined in denying a motion to seal, "broad, vague, and conclusory allegations of harm . . . are . . . insufficient to overcome the presumption of public access." *Strike 3 Holdings, LLC*, 2025 U.S. Dist. LEXIS 86399, at *4 (Wolford, C.J.) (quotations and citation omitted); *see also In re N.Y. Times Co*., 828 F.2d 110, 116 (2d Cir. 1987) (explaining that documents may be sealed only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'") (citation omitted). GEICO's motion, thus, should be denied on this basis alone.

## 2. The Information GEICO Seeks to Seal is Already Public Information

Assuming *arguendo* that GEICO's moving papers did include specific facts that could allow the Court to make findings that the information currently redacted in the Reply is somehow confidential business information (they do not), GEICO cannot show how any of the six factors courts consider whether alleged confidential business information is actually confidential business information are satisfied. These six factors are:

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by [the business] in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 2019 U.S. Dist. LEXIS 133717, at *10-11 (cleaned up). Here, GEICO cannot satisfy any of these factors pertaining the information it seeks to seal because it already makes this type of information available to the public or to third parties.

Indeed, GEICO only seeks to seal three types of information in the Reply: (1) the number of total loss claims GEICO reported for an unspecified time period, (2) Plaintiff's expert's estimation of the number of potential class members and Plaintiff's counsel's estimation of the same, and (3) the fact that GEICO tracks the "Sales Tax Amount" paid for total loss claims. With respect to loss claims, GEICO, as an insurer, is required by New York law to submit an annual statement to the Superintendent of Financial Services. *See* N.Y. Ins. Law § 307(a). These annual statements are available to the public upon request to the New York Department of Financial Services. *See* Burns Decl. ¶ 4, Ex. 1 (New York Department of Financial Services' webpage instructing the public that annual statement filings are available to review upon making a FOIL request). The annual statement forms the Superintendent of Financial Services requires insurers doing business in the state of New York to use to file their annual statements, it asks the insurers to state the: "[t]otal number of direct written premium exposures [i.e., losses] for year, for . . . 5.2 Physical Damage[,] 5.3 Comprehensive 9including Fir and Theft)[,] and 5.4 Collision" coverage. *Id.* at ¶ 4, Ex. 2, at p. 8. *see also* N.Y. Fin. Serv. Law § 207 (L 2012, ch. 173, § 4) (eff. July 18, 2012). GEICO, as an insurer licensed to do business in New York, has to, thus, make public the number of all losses for physical damage coverages, including total losses, each year. For this reason, it can hardly be said that the number of total loss claims reported by GEICO in New York is not known outside the business (since GEICO has to share the number of its losses annually), is not known by others, that GEICO makes efforts to keep it secret, that the information is valuable to competitors (especially since all insurers have to publicly report their exposures per year), that GEICO expended a large amount of effort or money to develop this information, or that it is hard to properly acquire by others.

Similarly, courts across the country, including those who have certified classes against GEICO and its affiliates for failure to pay sales tax on total loss claims, report how many class

members there are, based on the parties' witnesses' conclusions of that number, as well as the number of total loss claims that occurred during the class period. *See e.g., In re GEICO Gen. Ins. Co.*, No. 19-cv-03768-HSG, 2023 U.S. Dist. LEXIS 43778, at *18 (N.D. Cal. Mar. 13, 2023) (stating in class action final approval order regarding GEICO's failure to pay full sales tax to class members for total loss claims: "Out of 201, 240 class members, 61,265 submitted valid claims . . . By class, 2, 715 out of 9,637 Sales Tax Class members submitted a valid claim"); *Roth v GEICO Gen. Ins Co.*, No. 16-62942-Civ-DIMITROULEAS, 2018 U.S. Dist. LEXIS 226658, at *7(S.D. Fla. May 3, 2018) (stating in publicly available class certification opinion regarding GEICO's failure to pay full sales tax on total loss claims in Florida that "Plaintiff has satisfied the numerosity requirement. Plaintiff points to data produced by Defendant showing that there are over 3,600 class members."); *Joffe v. GEICO Indem. Ins. Co.*, No. 16-62942-Civ-DIMITROULEAS, 2019 U.S. Dist. LEXIS 176117, at *8 (S.D. Fla. July 30, 2019) (stating publicly in class certification opinion certifying class of people where GEICO Indemnity Insurance Company failed to pay full sales tax and other fees for total loss claims that "Plaintiffs have satisfied the numerosity requirement. Plaintiffs point to data produced by Defendants showing that there are over 8,106 class members."). These sorts of figures are the ones GEICO presently seeks to seal in the Reply. Since courts treat the number of class members and total loss claims as public information in court opinions, this Court should find this information is not actually confidential, particularly where, as in the Reply, it is stated without any further detail about the specific claimants or identifying their specific claim information.

Even if there was more claim data detail in the Reply than just the estimation of the number of potential class members, the number of total loss claims reported by an insurance company, and the fact that GEICO tracks the amount of sales tax it pays total loss claimants, the Third Circuit has found that such information is not confidential enough to warrant sealing. In *Lewis v. Gov't*

*Emps. Ins. Co.,* No. 22-3449 (3d Cir.), the Third Circuit reviewed the District Court of New Jersey's decision to certify a class action of New Jersey insureds where it was alleged that GEICO's parent, Government Employees Insurance Company, did not pay, *inter alia*, the full sales tax for total loss claims. *See generally Lewis v. Gov't Emps. Ins. Co.,* 98 F.4th 452 (3d Cir. 2024); Burns Decl. ¶¶ 5-18 and Exs. 3-16. In doing so, Government Employees sought to impound the record the parties' briefing at the trial court and related materials on Government Employees' motions to strike testimony and reports of plaintiff-appellees' class certification based on the fact that the parties agreed to seal this information from the record in the District Court. Burns Decl. ¶ 5, Ex. 3 at p. 1 (attaching Document 11 from the Third Circuit docket in *Lewis*). The Third Circuit refused to seal this information. *Id.* ¶ 7, Ex. 5. Government Employees tried again to seal this information. *Id.* ¶ 8, Ex. 6. The Third Circuit again rejected Government Employees' proposed redactions as not being narrowly tailored. *Id.* ¶ 9, Ex. 7. Government Employees then filed a third motion to seal only requesting to seal Plaintiff's personally identifiable information. *Id.* ¶¶ 10-17, Exs. 8-15 (attaching Document 60-1 and excepts of Document 60-3 from the Third Circuit docket in *Lewis*). The Court granted this motion. Burns Decl. ¶ 18, Ex. 16 (attaching ECF Nos. 63 from the Third Circuit docket in *Lewis*). As a consequence of granting the third motion to seal, the Third Circuit refused to seal the parties' expert reports estimating and disputing the number of potential class members and total loss claims Plaintiff's analysis of Government Employees' total loss data, the evidence that Government Employees tracks sales tax payments for total loss claims, and the briefing discussing the number of potential class members and claims. Burns Decl. ¶¶ 10-17, Exs. 8-15 (attaching Document 60-1 and excerpts of Document 60-3 from the Third Circuit docket in *Lewis*); see e.g., Burns Decl. ¶ 12, Ex. 10, at 33 (stating publicly in motion for class certification that "data produced by GEICO shows that there are 6,430 reports that did not include payment for

tax . . ." ).  The Third Circuit did not think the information GEICO seeks to seal here is so confidential to warrant sealing. This Court should so hold as well.

Moreover, another New York insurance statute, N.Y. Ins. Law § 4117, requires all property and casualty insurers to maintain "the aggregate estimated amounts due or to become due on account of all known losses and claims and loss expenses incurred but not paid, including the estimated liability on any notice received by the company of the occurrence of any event which may result in a loss." N.Y. Ins. Law § 4117(b)(1). This means that all property and casualty insurers operating in New York must track loss data and how much it paid out in loss claims, including any sales tax amounts.  Accordingly, it is not remarkable that GEICO tracks sales tax amounts. It is doubtful that, this fact could give any of GEICO's competitors an unfair advantage. The motion should be denied.

### 3. The Fact that the Data from which the Statements in the Reply are Derived is Designated Confidential Pursuant to the Protective Order Does Not Warrant Sealing

GEICO secondarily argues that the fact that the documents from which the statements in the Reply are derived are marked "confidential" pursuant to the Protective Order entered in this case necessitates that the Court seal the statements made in the Reply. *See* ECF No. 138 at 1, 6. This is at-odds with Second Circuit precedent. In *Lugosch*, the Second Circuit considered this argument and found that: "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable." *Lugosch*, 435 F.3d at 126. The Court went onto conclude that, "when a confidentiality order specifically contemplates that relief from the provisions of the order may be sought at any time[,]" "it is difficult to see how the defendants can reasonably argue that they produced documents in reliance on the fact that the documents would always be kept secret." *Id.; Metcalf v. Transperfect Translations Int'l Inc.*, No. 19-CV-10104 (ER) (KHP), 2023 U.S. Dist. LEXIS 198893, at *7 (S.D.N.Y. Nov. 6, 2023) ("The

fact that Defendants designated these materials as Confidential pursuant to a Protective Order has no bearing on whether the sealing request should be granted.") (citing *Bernsten*, 307 F. Supp. 3d at 168; quoting *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 U.S. Dist. LEXIS 151075, at \*7 (S.D.N.Y. Aug. 11, 2021) ("Confidentiality agreements alone are not an adequate basis for sealing."); *cf. Loma Linda*, 2024 U.S. Dist. LEXIS 217568, at \*6 ("[T]he fact that a document was marked confidential during discovery does not mean that it should be sealed when submitted in connection with a dispositive motion.").

In the Protective Order entered in this case, the parties expressly agreed that, "Notwithstanding the designation of information as 'CONFIDENTIAL,' there is no presumption that such information merits sealing under applicable law." *See* ECF. No. 37 at ¶ 5. The Protective Order goes onto state: "This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order." *Id.* at ¶ 9. These provisions show the parties did not intend for documents to be sealed by mere virtue of the fact that a party designated it "Confidential" pursuant to the Protective Order. Thus, just as in *Lugosch*, GEICO's argument that it is entitled to sealing because of the Protective Order fails. *Lugosch*, 435 F.3d at 126. The motion, thus, should be denied.

### C.    GEICO's Motion to Seal Fails to Comply with the Local Rules, Warranting Outright Denial

In a recent decision, this Court opined that a motion to seal's failure to comply with Loc. R. Civ. P. 5.3 may be grounds alone to deny the motion. *See Savage v. Sutherland Glob. Servs.*, No. 6:19-CV-06840 EAW, 2025 U.S. Dist. LEXIS 80554, at \*5-6 (W.D.N.Y. Apr. 28, 2025) (Wolford, C.J.). Here, GEICO's motion fails to comply with Loc. R. Civ. P. 5.3 in that there is no "an affidavit, declaration, or affirmation" that identifies "the proposed duration of the requested order" and the memorandum of law does not set forth the "rationale for the proposed duration of

the requested order." Loc. R. Civ. P. 5.3(c)(2)(B) and (C). This failure is sufficient to deny the motion outright. *See also generally* ECF Nos. 138 and 138-1. Therefore, the Court should exercise its discretion and deny the motion for being procedurally defective.

## IV.    CONCLUSION

For the above reasons, Plaintiff respectfully asks that the Court deny GEICO's motion to seal in its entirety.

Dated: May 30, 2025                          Respectfully submitted,

By:    s/ *Joseph N. Kravec, Jr.*
           Joseph N. Kravec, Jr.

**FEINSTEIN DOYLE PAYNE**
 **& KRAVEC, LLC**
Joseph N. Kravec, Jr., Esquire
Kaitlyn M. Burns, Esquire

29 Broadway, 24th Floor
New York, NY 10006-3205
Telephone: (212) 952-0014
Email: jkravec@fdpklaw.com
           kburns@fdpklaw.com
 and

429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007

Antonio Vozzolo, Esquire
Andrea Clisura, Esquire
**VOZZOLO LLC**
499 Route 304
New City, New York 10956
Telephone: (201) 630-8820
Facsimile: (201) 604-8400
Email: avozzolo@vozzolo.com
           aclisura@vozzolo.com

 and

345 Route 17 South
Upper Saddle River, New Jersey 07458
Telephone: (201) 630-8820
Facsimile: (201) 604-8400

Edmund A. Normand, Esquire (admitted
*pro hac vice*)
**NORMAND PLLC**
3165 McCrory Place, Suite 175
Orlando, FL 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Email: ed@normandpllc.com

***Counsel for Plaintiff and the Proposed
Class***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of May, 2025, a true and correct copy of the foregoing was electronically served upon all counsel of record in this matter.

By:   <u>*s/ Joseph N. Kravec, Jr.*</u>
Joseph N. Kravec, Jr.