UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MARCELLETTI, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 6:23-CV-06211 |

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL CONFIDENTIAL INFORMATION IN BRIEFING ON PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION AND PARTIES' MOTIONS TO LIMIT OR EXCLUDE WITNESSES <u>IN CONNECTION WITH CLASS CERTIFICATION BRIEFING</u>**

## **TABLE OF CONTENTS**

**Page**

I. THIS COURT MUST WEIGH GEICO'S COMPELLING INTEREST IN MAINTAINING THE CONFIDENTIALITY OF ITS COMPETITIVELY SENSITIVE, PROPRIETARY BUSINESS INFORMATION AGAINST THE PRESUMPTION OF PUBLIC ACCESS TO SUCH PRIVATE INFORMATION ......... 1

II. THERE ARE COMPELLING REASONS TO SEAL THE CONFIDENTIAL INFORMATION, AS IT CONTAINS GEICO'S COMMERCIALLY SENSITIVE, PROPRIETARY BUSINESS INFORMATION THAT GEICO'S COMPETITORS COULD USE TO HARM GEICO'S COMPETITIVE STANDING AND ECONOMIC WELLBEING IN THE AUTO INSURANCE INDUSTRY .................................................................................................................. 2

    A. The Class Certification Briefing Contains GEICO's CONFIDENTIAL Information ................................................................................................... 3

    B. The Discrete References to GEICO's CONFIDENTIAL Information In The Class Certification Briefing Should Be Sealed Because Disclosure Of Such Information Would Be To GEICO's Economic Detriment And Would Cause GEICO To Suffer Severe Competitive Harm ............................................... 5

III. CONCLUSION ........................................................................................................ 8

CERTIFICATE OF SERVICE ................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AngioDynamics, Inc. v. C.R. Bard, Inc.*,
  No. 1:17-cv-00598, 2021 WL 776701 (N.D.N.Y. Mar. 1, 2021) .................................1, 2, 5, 8

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006) ...........................................................................................1, 2, 8

*Nielson Consumer LLC v. Circana Grp., L.P.*,
  No. 22-CV-3235 (JPO)(KHP), 2024 WL 3887152 (S.D.N.Y. Aug. 20, 2024) .........................2

*Tropical Sails Corp. v. Yext, Inc.*,
  No. 14 Civ. 7582, 2016 WL 1451548 (S.D.N.Y. Apr. 12, 2016) ......................................2, 6, 8

*Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*,
  No. 17-CV-147 (KAM), 2019 WL 3753780 (E.D.N.Y. Aug. 8, 2019) ................................2, 3

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995) ......................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 26 .............................................................................................................................6

Portions of the briefing and exhibits submitted in support of the briefing on the following motions (collectively, "the Class Certification briefing") contain discrete references to GEICO's competitively sensitive, proprietary business information that should be sealed from the public docket:

1. Plaintiff's Amended Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel

2. Defendant GEICO General Insurance Company's ("GEICO") Motion to Exclude the Declaration and Opinions of Bradley M. Braun, Ph.D.

3. Plaintiff's Motion to Strike and/or Exclude Portions of Dr. Jonathan T. Tomlin's Testimony and Expert Report

4. Plaintiff's Motion to Exclude or Limit the Opinions of Defendant's Proposed Expert Steven R. Wybo

Pursuant to this Court's instruction in its Third Amended Scheduling Order, Doc. 113 ¶ 5, GEICO moves to seal the identified CONFIDENTIAL Information and asks the Court to order that the narrowly tailored references to the CONFIDENTIAL Information be filed under seal and redacted from the public docket.[1] This CONFIDENTIAL Information should be sealed because GEICO's compelling interest in maintaining the confidentiality of its competitively sensitive, proprietary business information outweighs the presumption of public access.

### I. THIS COURT MUST WEIGH GEICO'S COMPELLING INTEREST IN MAINTAINING THE CONFIDENTIALITY OF ITS COMPETITIVELY SENSITIVE, PROPRIETARY BUSINESS INFORMATION AGAINST THE PRESUMPTION OF PUBLIC ACCESS TO SUCH PRIVATE INFORMATION

Courts in this Circuit allow CONFIDENTIAL Information to be filed under seal where sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 1:17-cv-00598 (BKS/CFH), 2021 WL 776701, at *2 (N.D.N.Y. Mar. 1, 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). "Higher values" that warrant sealing include "the protection of competitively sensitive

---

[1] The chart attached as Exhibit 1 to the December 22, 2025, Declaration of Jamie L. Halavais in Support of the instant Motion ("Halavais Decl.") identifies each reference to CONFIDENTIAL Information in the Class Certification briefing that GEICO seeks to seal, as well as the category of CONFIDENTIAL Information contained within each reference (as further discussed *infra* § II.A.). *See also* Halavais Decl. ¶ 6. Exhibits to the Halavais Decl. are noted throughout as "Ex. _."

business information." *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-CV-3235 (JPO)(KHP), 2024 WL 3887152, at *2 (S.D.N.Y. Aug. 20, 2024); *see also Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (recognizing "[i]nternal documents . . . that contain non-public strategies" are "confidential commercial information" (citation omitted)).

When balancing GEICO's "'competing considerations' against the weight of the presumption of access," this Court should "assess the 'nature and degree of injury,' paying heed to 'the sensitivity of the information and the subject' but also to 'how the person seeking access intends to use the information.'" *AngioDynamics, Inc.*, 2021 WL 776701, at *2 (first quoting *Lugosch*, 435 F.3d at 120, then quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Critically, the Second Circuit recognizes that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *Amodeo*, 71 F.3d at 1051; *see also Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-CV-147 (KAM), 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." (cleaned up)).

II. **THERE ARE COMPELLING REASONS TO SEAL THE CONFIDENTIAL INFORMATION, AS IT CONTAINS GEICO'S COMMERCIALLY SENSITIVE, PROPRIETARY BUSINESS INFORMATION THAT GEICO'S COMPETITORS COULD USE TO HARM GEICO'S COMPETITIVE STANDING AND ECONOMIC WELLBEING IN THE AUTO INSURANCE INDUSTRY**

Courts often "deny access to records that are sources of business information that might harm a litigant's competitive standing." *Nielson Consumer LLC*, 2024 WL 3887152, at *3 (cleaned up). CONFIDENTIAL Information "need not be a 'true' trade secret in order to warrant protection from disclosure, but Courts apply trade secret law to determine if the relevant information is sensitive enough to warrant sealing." *Id.*; *see also Uni-Sys., LLC*, 2019 WL 3753780, at *4 (similar). Courts consider six factors in determining whether information is a trade secret:

2

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Uni-Sys., LLC*, 2019 WL 3753780, at *4 (cleaned up). Applying the above standards, courts "grant confidential treatment under circumstances where trade secrets and material that would place a party at a competitive disadvantage are being used in public filings." *Id.* (citation omitted).

### A. The Class Certification Briefing Contains GEICO's CONFIDENTIAL Information

The majority of the discrete portions of the Class Certification briefing containing CONFIDENTIAL Information concern the following categories of GEICO's commercially sensitive, proprietary business information (collectively, "GEICO's CONFIDENTIAL Information"):

1. GEICO's Processes/Procedures Related To Total Loss Coverage—Information related to GEICO's pricing for and adjustment, negotiation, and settlement of total loss claims, including information about how GEICO's general practices and procedures are effectuated on a day-to-day basis throughout the adjustment of total loss claims. *See* Ex. 1, Rows 1, 4, 6, 9, 11, 13, 15, 17, 20-22, 24, 32, 38, 42, 44, 45, 50, 54, 55, 57, 65, 67, 68, 70, 72, 76, 77, 80; Ex. 2, Dec. 19, 2025, Decl. of K. Costigan in Supp. of Def. GEICO's Mot. to Seal ("Costigan Decl.") ¶¶ 3-4; Ex. 3, Dec. 22, 2025, Decl. of J. Maynard in Supp. of Def. GEICO's Mot. to Seal ("Maynard Decl.") ¶ 4.

2. GEICO's Processes/Procedures Related To Leased Vehicles—Information and internal memoranda related to GEICO's handling of totaled leased vehicle claims, including GEICO's change in procedure as it relates to sales tax and GEICO's procedures for issuing payments for totaled leased vehicle claims. *See* Ex. 1, Rows 2, 7, 19, 23, 25, 27-31, 33, 34, 53, 61, 63, 64, 78, 79, 81-84; Ex. 2, Costigan Decl. ¶¶ 3-4; Ex. 3, Maynard Decl. ¶ 13.

3. How GEICO's Data Is Maintained And Accessed—Information related to the data GEICO

3

maintains for total loss claims, including the source of that data, what that data represents, and how GEICO accesses that data. *See* Ex. 1, Rows 3, 5, 8, 12, 16, 18, 26, 35-37, 43, 47-49, 51, 52, 56, 62, 71; Ex. 2, Costigan Decl. ¶¶ 3-4; Ex. 3, Maynard Decl. ¶ 16.

The auto insurance industry is highly competitive, and auto insurers like GEICO distinguish themselves in that competitive world via policies, systems, and procedures they implement for customer service, claims handling, and in how they provide those services, including the processes and procedures that relate to the handling of total loss vehicle claims and the data related to such claims. Ex. 2, Costigan Decl. ¶ 6. GEICO intentionally and purposefully maintains this Information as CONFIDENTIAL, does not make it publicly available, and derives independent economic value from this Information being and remaining CONFIDENTIAL. *Id.* ¶ 8.

GEICO's commercially sensitive, proprietary business information is maintained within GEICO's confidential and proprietary electronic systems. *Id.* ¶ 5. Access to GEICO's electronic systems is restricted to GEICO employees by use of individual log-ons and entry of individual passwords. *Id.* Where hard copies of GEICO's commercially sensitive, proprietary business information exist, these are maintained in GEICO's secure facilities which require individual passcard access for entry. *Id.* GEICO is known for having exceptional employee training and claims handing processes and competitors often hire or try to hire GEICO's claims adjusters. *Id.* ¶ 7. GEICO routinely takes steps with its employees to ensure that they do not disclose, either during their employment with GEICO or afterwards, information such as the CONFIDENTIAL Information GEICO requests be maintained under seal. *Id.*

As further discussed *infra* § II.B., if a competitor were to learn details regarding GEICO's CONFIDENTIAL Information pertaining to its processes/procedures related to total loss coverage, its processes/procedures related to leased vehicles, and how its data is maintained and accessed, the competitor could use that Information to its own economic advantage and to GEICO's economic disadvantage, and could thus gain a competitive advantage over GEICO and cause GEICO substantial economic harm. Ex. 2, Costigan Decl. ¶ 9. Allowing even portions of

GEICO's CONFIDENTIAL Information to be publicly disclosed creates a severe risk that a competitor could obtain information about GEICO's commercially sensitive, proprietary business information, which could harm GEICO's competitive standing in the auto insurance industry. *Id.* ¶ 10.

GEICO produced its CONFIDENTIAL Information pursuant to the terms of the Protective Order entered in this case (Docs. 37, 179) and has taken reasonable measures to maintain the confidentiality of this Information. Ex. 2, Costigan Decl. ¶¶ 5, 7-10.

GEICO also designates as CONFIDENTIAL the portions of the Class Certification briefing that discuss a fourth category of CONFIDENTIAL Information:

4. Analysis Of Vehicle Valuations—Analyses showing how values GEICO has obtained from CCC Intelligent Solutions Inc. on total loss claims in New York from July 17, 2018, through the present compare against various values from other used motor vehicle sources. *See* Ex. 1, Rows 10, 14, 39, 41, 46, 58, 60, 66, 69, 73, 75; Ex. 3, Maynard Decl. ¶ 19.

This Analysis was developed by Dr. Jonathan T. Tomlin for purposes of this case, and GEICO designated this analysis as CONFIDENTIAL pursuant to the terms of the Protective Order entered in this case (Docs. 37, 179). For the reasons discussed *infra* § II.B., a competitor could also use this CONFIDENTIAL Information to its own economic advantage and to GEICO's economic detriment, and could thus gain a competitive advantage over GEICO and cause GEICO substantial economic harm.

The Class Certification briefing also contains a few references to personally identifying information of one putative class member, *see* Ex. 1, Rows 40, 59, 74, which should be maintained under seal to protect this non-party's privacy interests. *AngioDynamics, Inc.*, 2021 WL 776701, at *10.

    **B. The Discrete References To GEICO's CONFIDENTIAL Information In The Class Certification Briefing Should Be Sealed Because Disclosure Of Such Information Would Be To GEICO's Economic Detriment And Would Cause GEICO To Suffer Severe Competitive Harm**

Jim Maynard is a 35-year veteran in the automobile insurance industry. Ex. 3, Maynard

Decl. ¶ 2. His extensive experience as a property and casualty insurance section manager for State Farm Mutual Insurance Companies, where he worked from April 1990 through May 2025, *id.*, qualifies him to opine about the type of CONFIDENTIAL business information a GEICO competitor (like State Farm) would consider to be advantageous and how a GEICO competitor (like State Farm) would use such CONFIDENTIAL business information to its own economic advantage and to GEICO's economic detriment to cause GEICO competitive harm in the highly competitive auto insurance industry.

As fully explained in Mr. Maynard's Declaration, attached hereto as Exhibit 3, public disclosure of GEICO's CONFIDENTIAL Information would allow competitors to use GEICO's CONFIDENTIAL Information to their own economic advantage (*e.g.*, allowing competitors to use such information in their premium pricing models, to duplicate GEICO's processes in the highly competitive auto insurance industry, and to target GEICO's highly trained employees for recruitment), which would put GEICO at a competitive economic disadvantage and seriously injure GEICO. *E.g.*, Ex. 3, Maynard Decl. ¶ 21. Allowing even portions of GEICO's CONFIDENTIAL Information to be publicly disclosed creates a severe risk that a competitor will gain an economic advantage over GEICO. *Id.* ¶ 22. Courts recognize this type of competitive harm is a compelling countervailing interest that warrants sealing. *See, e.g.*, *Tropical Sails Corp.*, 2016 WL 1451548, at *4-5 (sealing confidential business information where disclosure to competitors would cause harm, recognizing "[t]his competitive injury is sufficiently serious to warrant protection under Rule 26").

Specifically, public disclosure of GEICO's CONFIDENTIAL Information addressing GEICO's Processes/Procedures Related to Total Loss Coverage would allow competitors the opportunity to study and implement the detailed, effective, and validated GEICO total loss workflows quickly with minimal process and expense for the competitor, which could allow the competitor to gain a competitive advantage over GEICO in this highly competitive industry. Ex. 3, Maynard Decl. ¶¶ 4-7, 12. It would also give competitors information to assist them in targeting GEICO employees who are professionally trained in these complex and specialized total loss claim

6

workflows for recruitment, and those employees could then be used to implement similar systems, advanced training modules, and processes at the competitor's location for minimal expense. *Id.* ¶¶ 8-9, 12. Not only would this provide an economic advantage to GEICO's competitors, *id.*, but it would cause an economic detriment to GEICO because GEICO would be forced to invest significant time, money, and resources into training replacement employees. *Id.* ¶¶ 10-11.

Public disclosure of GEICO's CONFIDENTIAL Information addressing GEICO's Processes/Procedures Related to Leased Vehicles would likewise harm GEICO's competitive standing in the industry, as it would be competitively advantageous for competitors to know how and why GEICO changed its procedures, how GEICO implemented the change in its procedures, and how GEICO issues payments in the settlement of total loss leased vehicle claims. *Id.* ¶¶ 13-14. If a competitor obtained this Information, it would be an actuarial premium pricing advantage as the competitor would be able to understand the business reasoning for the change as well as the monetary impact to not only the New York market premium pricing for leased vehicles, but to all markets affected by this change, which could allow the competitor to aggressively price leased vehicle risks at the zip code, city, and state market level, thereby hurting GEICO's competitive standing in the industry. *Id.* ¶ 15.

Public disclosure of GEICO's CONFIDENTIAL Information addressing How GEICO's Data is Maintained and Accessed would also be economically advantageous to GEICO's competitors and economically harmful to GEICO, as it would allow GEICO's competitors to review GEICO's data against their respective data in the same market and for the same time period to determine: (1) if their total loss data is commensurate with the marketplace, and (2) how to competitively price their product and gain market share in this highly competitive industry. *Id.* ¶¶ 16-17. The release of this Information would also create an actuarial premium pricing advantage for GEICO's competitors because it would allow competitors to adjust their pricing models using GEICO's CONFIDENTIAL Information that is not currently known in the marketplace. *Id.* ¶ 18.

Finally, public disclosure of the CONFIDENTIAL Analysis of Vehicle Valuations would

be economically detrimental to GEICO and economically advantageous to its competitors, as that would allow each competitor to understand how the values GEICO considers in adjusting total loss claims compares against other available values, which information competitors could use to adjust their own total loss settlement procedures. *Id.* ¶¶ 19-20. Learning this CONFIDENTIAL Information about GEICO's evaluation, negotiation, and settlement of total loss claims would allow competitors to compare the values GEICO uses to the competitor's own database of total loss vehicle claims in the New York market, thereby giving competitors an actuarial premium pricing advantage. *Id.*

Because GEICO has presented specific support to prove sealing the references to its CONFIDENTIAL Information "is necessary to preserve higher values," and GEICO only requests this Court seal the "narrowly tailored" references to its CONFIDENTIAL Information, sealing is warranted. *Lugosch*, 435 F.3d at 124; *see AngioDynamics, Inc.*, 2021 WL 776701, at *5-7 (granting "narrowly tailored" requests to seal "limited" references to "competitively sensitive information"); *id.* at *10 (sealing portions of briefs that quote or contain confidential information); *Tropical Sails Corp.*, 2016 WL 1451548, at *5 (recognizing that sealing full documents is narrowly tailored where the documents only contain confidential business information).

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant GEICO General Insurance Company respectfully requests this Court order that the discrete references to its CONFIDENTIAL Information—as identified in Paragraph 6 of the December 22, 2025, Declaration of Jamie L. Halavais in Support of the instant Motion and Exhibit 1 attached hereto, identifying all CONFIDENTIAL Information in the briefing and exhibits submitted in support of the briefing on Plaintiff's Amended Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel; GEICO's Motion to Exclude the Declaration and Opinions of Bradley M. Braun, Ph.D.; Plaintiff's Motion to Strike and/or Exclude Portions of Dr. Jonathan T. Tomlin's Testimony and Expert Report; and Plaintiff's Motion to Exclude or Limit the Opinions of Defendant's Proposed Expert Steven R. Wybo—be maintained under seal and redacted from the public docket.

DATED December 22, 2025.

        **DICKINSON WRIGHT PLLC**

        By: */s/ Dan W. Goldfine*
            Dan W. Goldfine (*pro hac vice*)
            Jamie L. Halavais (*pro hac vice*)
            Cameron C. Stanley (*pro hac vice*)
            Claire E. F. Grimes (*pro hac vice*)
            1850 North Central Avenue, Suite 1400
            Phoenix, Arizona 85004
            Tel (602) 285-5000
            Fax (844) 670-6009

            Kristen E. Hudson (*pro hac vice*)
            607 West 3rd Street, Suite 2500
            Austin, Texas 78701
            Tel (512) 770-4200
            Fax (844) 670-6009

        **WOODS OVIATT GILMAN LLP**

            Jennifer M. Schauerman
            1900 Bausch & Lomb Place
            Rochester, New York 14604
            Tel (585) 987-2800
            Fax (585) 445-2393

        *Attorneys for GEICO General Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served by electronic mail via the ECF system on counsel of record in the above-captioned matter on the date the foregoing was electronically filed.

Dated this 22nd day of December, 2025.

                                          */s/ Dan W. Goldfine*
                                          Dan W. Goldfine