UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN MARCELLETTI, *on behalf of*
*himself and all others similarly situated*,

             Plaintiff,

      v.

GEICO GENERAL INSURANCE
COMPANY,

             Defendant.

_____

**DECISION AND ORDER**

6:23-CV-06211 EAW

## **INTRODUCTION**

Plaintiff John Marcelletti ("Plaintiff") commenced this putative class action against defendant GEICO General Insurance Company ("GEICO" or "Defendant"), alleging breach of contract based on Defendant's failure to pay sales tax for total loss vehicles that are leased.  (Dkt. 1).  It has been referred to United States Magistrate Judge Colleen D. Holland for all pretrial matters excluding dispositive motions.  (Dkt. 28; Dkt. 74).

Pending before the Court is Defendant's appeal (Dkt. 196) of Judge Holland's February 26, 2026 Decision and Order ("the Decision and Order") (Dkt. 194) granting in part and denying in part Defendant's motion to seal information submitted in connection with Plaintiff's motion for class certification and the parties' motions to limit and/or exclude witnesses (Dkt. 190).  Familiarity with the previous proceedings, including the parties' briefing on the motion to seal and Judge Holland's Decision and Order, is assumed for purposes of the instant Decision and Order.

- 1 -

For the reasons that follow, the Court denies Defendant's appeal.

## BACKGROUND

Plaintiff commenced this action on April 17, 2023. (Dkt. 1). On March 27, 2024, Defendant filed an answer. (Dkt. 26). The case was referred to a magistrate judge for supervision of discovery and on May 8, 2025, a scheduling order was issued. (Dkt. 35). Judge Holland entered an amended scheduling order on October 16, 2024 (Dkt. 58), and a third amended scheduling order was entered by the undersigned on March 5, 2025 (Dkt. 113). The third amended scheduling order provides for the parties to bundle the materials filed in connection with Plaintiff's amended motion for class certification and any motions to limit or exclude witnesses, as well as the response and reply to such motions. (*Id.* at ¶¶ 2, 4).

On December 22, 2025, Defendant filed a motion to seal information contained in the briefing related to: Plaintiff's amended motion for class certification; Defendant's motion to exclude the declaration and opinions of Bradley M. Braun, Ph.D.; Plaintiff's motion to strike and/or exclude portions of Dr. Jonathan T. Tomlin's Testimony and Expert Report; and Plaintiff's motion to exclude or limit the opinions of Defendant's proposed expert Steven R. Wybo. (Dkt. 190). Plaintiff did not file a response to Defendant's motion to seal.

On February 26, 2026, Judge Holland granted Defendant's motion to seal in part and denied it in part. (Dkt. 194). Upon notification from Defendant that it intended to appeal the Decision and Order, Judge Holland stayed the submission of the parties' motion papers until 7 days after this Court's resolution of Defendant's objections. (Dkt. 195). On

- 2 -

March 12, 2026, Defendant filed the instant appeal of Judge Holland's Decision and Order. (Dkt. 196).  Plaintiff filed a response on April 2, 2026 (Dkt. 198), and although Defendant did not seek leave of Court to do so, on April 8, 2026, it filed a reply (Dkt. 199).

## DISCUSSION

### I.      Legal Standards

#### A.      Appeal Pursuant to Rule 72(a)

The standard of review for Defendant's appeal is highly deferential—the Magistrate Judge's determinations at issue are non-dispositive, and therefore they may be set aside only if clearly erroneous or contrary to law.  *See*, *e.g.*, *Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005) ("Under Fed. R. Civ. P. 72(a), a District Court may set aside a Magistrate Judge's determination on a nondispositive matter only if that determination is clearly erroneous or contrary to law.  Discovery rulings . . . are nondispositive matters subject to that standard of review." (citation modified)).  "[A] district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed."  *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y. 2014) (citation modified); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (explaining that an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure" (citation modified)); *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2009 WL 749570, at *19 (S.D.N.Y. Mar. 20, 2009) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-

dispositive disputes and reversal is appropriate only if their discretion is abused." (citation modified)), *aff'd*, 460 F. App'x 66 (2d Cir. 2012).

### B. <u>Motion to Seal</u>

"In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. . . . Second, once the Court finds that the document is a judicial document, the court must determine the weight of the presumption that attaches. . . . Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (citation modified). To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). As the movant, Defendant bore the burden to demonstrate that sealing is warranted. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." (citation modified)).

### II. <u>Judge Holland's Decision and Order is Affirmed</u>

Because the information sought to be sealed is being offered in connection with a motion for class certification and motion to exclude and/or limit expert testimony, the parties do not dispute that they are judicial documents. Judge Holland concluded and the

parties also do not dispute that a First Amendment right of access attaches to the information. *Fischer v. Gov't Emps. Ins. Co.*, No. 23-CV-2848-SJB-SIL, 2026 WL 482637, at *16 (E.D.N.Y. Feb. 20, 2026) ("Filings related to *Daubert* motions and class certification motions are subject to a strong presumption of access under the common law and the First Amendment." (quoting *Ndugga v. Bloomberg L.P.*, No. 20-CV-7464, 2025 WL 2302089, at *1 (S.D.N.Y. Aug. 11, 2025))). The presumption of access to these documents is significant. *Metcalf v. TransPerfect Translations Int'l Inc.*, No. 19CV10104(ER)(KHP), 2023 WL 7297176, at *2 (S.D.N.Y. Nov. 6, 2023) ("A strong weight is accorded to the presumption of public access in Plaintiffs' briefs filed in connection with the class certification motion and the motion to preclude.").

At the third step of the analysis, the Court must balance the reasons for sealing against the presumption of public access and determine if sealing is necessary to preserve higher values. It is at this step that Defendant argues that the magistrate judge erred. (Dkt. 196 at 7).

Defendant contends that this Court should modify Judge Holland's Decision and Order and permit certain confidential information to be filed under seal, contending that she erred in concluding it had not met its burden to overcome the presumption of public access to the information. Defendant describes the disputed information as falling into five categories: (1) "Confidential Information concerning GEICO's premium rate setting," (2) "GEICO's corporate representative's explanation of the data and data fields within its Confidential and proprietary database," (3) "GEICO's Confidential internal procedures related to the adjustment of total loss claims," (4) "GEICO's Confidential internal

memoranda describing how GEICO implements and instructs its adjusters regarding policies and procedures for adjusting total loss claims, as well as GEICO's corporate representative's testimony describing the same," and (5) "Excerpts from GEICO's current and operative Confidential Claims Handling Guide for Physical Damage Adjusters." (Dkt. 196 at 8-9). It argues that the identified information at issue is the most sensitive and was either unaddressed in the Decision and Order or unsupported by Judge Holland's reasoning. The Court disagrees.

As an initial matter, the Court notes that it is of no moment that Plaintiff did not oppose the motion to seal. The Court's obligation to provide public access to judicial documents operates independently from the parties' positions on whether the matters should be sealed. *See Cantinieri v. Verisk Analytics, Inc*., No. 21CV6911(NJC)(JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) ("Although the parties are moving jointly to seal these documents . . . this Court must—given the common law right of public access to judicial documents firmly rooted in our nation's history—ensure that the requested sealing is narrowly tailored and 'is necessary to preserve higher values' above the public's right to transparency." (quoting *Lugosch,* 435 F.3d at 119, 124)); *see also Wood v. Mut. Redevelopment Houses, Inc.*, No. 19 CIV. 9563 (AT), 2021 WL 4255054, at *8 (S.D.N.Y. Sept. 17, 2021) ("Documents designated as confidential by the parties are not automatically entitled to sealing by the Court."). Similarly, labeling something "confidential" and claiming that it cannot be exposed to the public, does not satisfy the burden to seal, especially for judicial documents like the ones at issue here.

Beyond that, after carefully examining Defendant's arguments, it is apparent that it has not met its burden of showing that Judge Holland's Decision and Order was clearly erroneous or contrary to law.  As noted, the standard to modify or set aside a magistrate judge determination "is a highly deferential standard, and the objector thus carries a heavy burden."  *In re Terrorist Attacks on Sept. 11, 2001*, No. 03MDL1570(GBD)(SN), 2020 WL 6712191, at *1 (S.D.N.Y. Nov. 16, 2020).  And "[a]s a general matter, magistrate judges have broad discretion in resolving [non-dispositive] matters, including motions to seal." *Grand v. Schwarz*, No. 15-CV-8779 (KMW), 2018 WL 1604057, at *2 (S.D.N.Y. Mar. 28, 2018) (citation modified)).

Judge Holland's Decision and Order applied the appropriate legal standards in assessing whether the information should remain under seal and concluded that Defendant's conclusory allegations of competitive and economic harm were insufficient to rebut the presumption of public access.  The Court can discern no clear error in her determination.

For example, while Defendant argues that Judge Holland "appears to have chiefly ignored the undisputed sworn testimony" of its auto-industry veteran James Maynard (Dkt. 191-1 at 16-20), the Decision and Order expressly cites to and discusses Mr. Maynard's declaration (*see* Dkt. 194 at 3, 4, and 16), in ruling on the motion.  In a similar vein, to the extent that Defendant suggests that the Decision and Order did not address the declaration in sufficient detail or consider each of the points made by Mr. Maynard, Judge Holland was under no obligation to do so.  *Subramani an v. Lupin Inc.*, No. 17-CV-5040 (RA), 2020

WL 6075523, at *2 (S.D.N.Y. Oct. 15, 2020) ("Indeed, a magistrate judge need not mention every single assertion raised by a party when ruling on its motion.").

In essence, Defendant's criticism boils down to the fact that Judge Holland was not fully persuaded by the arguments before her and did not adopt and wholly credit the position taken by Defendant.  But Judge Holland was well within her discretion to conclude that Mr. Maynard's declaration and Defendant's arguments were too conclusory, speculative and/or related to information that was "generic, stale, or already publicly disclosed," to overcome the significant presumption of access accorded the information, particularly where the information had "central relevance to the Court's disposition of Plaintiff's amended class certification motion." (Dkt. 194 at 12, 16-17).  None of the cases or argument presented in Defendant's appeal support a conclusion to the contrary, demonstrate that a mistake was committed, or establish that the Decision and Order failed to apply or misapplied relevant case law.

In short, Defendant's appeal amounts to an invitation for this Court to reweigh Defendant's arguments advanced in support of its motion to seal but as noted, the standard on a Rule 72(a) appeal is not one of *de novo* review.  *In re New York City Policing During Summer 2020 Demonstrations*, No. 20-CV-8924 (CM)(GWG), 2022 WL 656808, at *2 (S.D.N.Y. Mar. 4, 2022) ("The district court does not conduct a *de novo* review of a non-dispositive order; rather, it applies a deferential standard under which the moving party must show that the magistrate judge order is 'clearly erroneous or contrary to law.'" (quoting Fed. R. Civ. P. 72(a))).  Rather, an appeal should be granted solely where the

magistrate judge's order was clearly erroneous or contrary to law and that standard has not been met on the instant appeal.  For these reasons, Defendant's appeal is denied.

## CONCLUSION

For the foregoing reasons, Defendant's appeal of Judge Holland's Decision and Order is denied.  Within seven days, the parties shall submit to the Court their papers in connection with Plaintiff's amended motion for class certification and the parties' motions to limit and/or exclude witnesses in accordance with the procedure outlined in the Third Amended Scheduling Order.  (*See* Dkt. 113 at 5-6).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  June 15, 2026
         Rochester, New York